Argued October 3, affirmed November 5, 1973

HOFFMAN, *Respondent, v.* BUMBLE BEE
SEAFOODS (No. 29147), *Appellant.*

515 P2d 406

*Lawrence M. Dean,* Astoria, argued the cause for
appellant. With him on the brief were MacDonald,
Dean, McCallister & Snow, Astoria.

*George F. Cole,* Seaside, argued the cause for re-
spondent. With him on the brief were Cole & Camp-
bell, Seaside.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

LANGTRY, J.

Defendant employer appeals from a circuit court finding in favor of a claim for workmen's compensation. The hearing officer had denied the claim and the Workmen's Compensation Board had reversed, allowing it.

The only question is whether the claimant carried her burden of proving that her back injury arose out of and in the course of employment. She worked as a fish filleter and scaler in defendant's fish processing plant. In her claim, filed July 8, 1971, she said she was injured in the ribs and vertebrae on June 7, 1971 "while scaling shad & filleting bass."

Claimant had been to several physicians and gave them inconsistent statements about the origin of her back problem. The physicians' reports consistently commented on claimant's obesity as a cause of her trouble.

The inconsistencies in her testimony caused the hearing officer to conclude she had failed to carry her burden of proof, although he said:

"It may well be that claimant's disability could have been caused, partially caused or worsened by her work—the cold, the fish lifting, the movements, the slips and falls; the evidence, however, clearly fails to make a causative connection."

On review the board said:

"It appears to the Board the concurrence of claimant's obesity and the effort of lifting the fish on a regular basis, combined to produce the back pain which disabled her. Undoubtedly, both the obesity and the work effort were each material contributing factors. Nevertheless, the law is well settled that an employer takes a workman as he

finds him and the employer is liable for the disabling results of claimant's work activity."

This language was repeated by the circuit judge in his letter opinion which upheld the board.

The hearing officer and the board wrote extensive opinions explaining their conclusions. In them, we note no comment on some testimony we consider relatively important. The physicians had commented on claimant's obesity as a cause of her complaint. None of their reports tells us her height and weight at the time they examined or treated her. But in her testimony before the hearing officer in March 1972 claimant stated that she had reduced by 40 pounds since September 1971 and that she still had no relief from her back trouble. The claimant's testimony in this regard is uncontradicted. Dr. Thompson, who made the last medical report we have, on November 16, 1971 reported that on July 26 she was seen by Dr. Eilers, an orthopedist, who recommended that she lose weight. None of the physicians' reports indicated the physicians had seen her since then. This evidence is persuasive in arriving at a conclusion that a causal connection between the work and the injury was proven. See discussion about the weight of claimant's testimony concerning a back injury in *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967).

Our de novo review leads us to agree with the board and circuit judge.

Affirmed.