Argued March 27, reversed and remanded April 22, 1974

# LEE, *Appellant, v.* STATE ACCIDENT
# INSURANCE FUND, *Respondent.*
### 521 P2d 357

*Marvin S. Nepom,* Portland, argued the cause for appellant. With him on the brief was Leo Levenson, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Claimant appeals from a circuit court ruling reversing the Workmen's Compensation Board's finding in favor of a claim for workmen's compensation. The hearing officer had denied the claim and the Board had reversed, allowing it.

The sole question is whether the claimant sustained his burden of proving that his back injury arose out of and in the course of employment.

Claimant was employed as a baker at the Ashbrook Bakery. His claim was filed for an injury to the lower back. Claimant testified that at about 7:30 p.m., on August 26, 1972, while lifting a 60-pound tray of shortening containers from a nearby bench onto his workbench, he felt a sharp pain, as if something "snapped" in the middle of his back, between his shoulder blades. Claimant continued to work and again felt a sharp pain, or "snapping," in his back about 9 p.m., as he was bent over pulling a cart full of pans.

Claimant testified that after the 7:30 p.m. incident he told a co-worker and his foreman about hurting his back. Neither of them recalled the incident; however claimant's foreman testified that claimant told him about the 9 p.m. incident. Claimant also told the night foreman (at the 9 p.m. shift change) about hurting his back and was told to go home and to see a doctor.

Dr. Logan saw claimant on August 28, 1972, and diagnosed the injury as a "lumbar sprain." The doctor

noted that claimant was experiencing pain in his lower back and that the pain was also radiating down his left leg. Dr. Logan sent claimant to a hospital where claimant was kept in traction for several days.

Dr. Logan's report, dated November 2, 1972, related the doctor's findings of his examination of claimant and his diagnosis of a lumbar sprain. The report also noted claimant's past history of back problems, including a 1967 spinal fusion in the lower back and a reinjury in 1968. A further report, dated December 28, 1972, stated:

> "It is my opinion that Mr. James B. Lee was predisposed to an injury due to his previous spinal fusion in February of 1967, at Woodland Park Hospital, but nevertheless, bent over noting low back pain after lifting some 60 lbs. cans of shortening on August 26, 1972, resulting in more pain and disability in the low back area.
>
> "He was admitted to Woodland Park Hospital for treatment of this new injury and has been treated by me since that time. He continues to be unchanged, and it is felt that he should have further evaluation regarding his back condition, primarily neurosurgical intervention and diagnosis since he does have nerve root type compression.
>
> "I feel that his present condition was the result of the job connected accident of August 26, 1972."

The hearing officer denied the claim, stating:

> "Claimant stated he had had a total of about six back injuries and all of them prior to the within injury were to the low back but this one was to the upper back. In view of the fact his claim was filed for a 'lower back' injury and Dr. Logan diagnosed his injury as a 'lumbar sprain', that portion of claimant's testimony convinced the Hearing Officer he could not resolve all doubts in favor of claimant because claimant's testimony could not be believed.

The Hearing Officer is well aware a chronic back condition can become easily exacerbated and symptomatic and even minimal stress can cause this phenomenon to occur. Insofar as the mechanics of the accident are concerned the Hearing Officer would have no difficulty finding the activity claimant described caused a lumbar sprain. The Hearing Officer cannot, and does not pretend to explain how claimant was able to work until 9:00 p.m. on August 26, 1972 and was then no longer able to work. The portion of claimant's testimony relating to the onset of pain on August 26, 1972 might be true; but the Hearing Officer possesses no special powers of omniscience, and since the Hearing Officer is certain one portion of claimant's testimony is not true he is forced to reject all of claimant's testimony because he cannot ascertain which portions are true and which portions are false. There is no basis from the appearance, attitude or demeanor of any of the witnesses to mistrust any of their testimony. The Hearing Officer's finding on claimant's credibility is restricted solely to the evidence."

The Workmen's Compensation Board disagreed and directed that the State Accident Insurance Fund (SAIF) accept the claim and "pay benefits to which claimant is entitled." As to the credibility problem referred to by the hearing officer, the Board stated:

"Although the Hearing Officer doubted the general credibility of the claimant, the Board believes' that the apparent problem in this area is attributable to a language communication barrier * * *."

The circuit court, however, did not think that any "language communication barrier" caused the hearing officer to disbelieve claimant. The court particularly referred to the testimony of two co-workers, who both stated that claimant did not tell them he had injured his back.

The sole basis for the hearing officer's denial of the claim was that he did not believe claimant's story because claimant first felt pain in his upper back, but later filed his claim for a lower back injury. We find nothing inherently inconsistent with this, especially in light of claimant's explanation. Claimant explained that he first felt pain between his shoulder blades, but that the pain did not centralize in that area, radiating instead down into his lower back and down his left leg. This explanation is consistent with Dr. Logan's report, and the fact that claimant had previous problems with his lower back — including a spinal fusion in the lower back.

The hearing officer did state, however, that he had no difficulty in believing that an incident such as claimant described could cause a lumbar sprain and that he "is well aware a chronic back condition can become easily exacerbated and symptomatic and even minimal stress can cause this phenomenon to occur." The hearing officer simply did not believe that claimant had injured himself. We disagree.

Both the hearing officer and the circuit court seem to disregard the testimony of the two bakery foremen. Both foremen testified that claimant reported injuring his back on August 26, 1972. This testimony, together with Dr. Logan's report and diagnosis of a lumbar sprain, is persuasive in arriving at a conclusion that claimant did injure his back while working at the bakery on August 26, and that a causal connection between the work and the injury was proved. *See, Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967); *Hoffman v. Bumble Bee Seafoods,* 15 Or App 253, 515 P2d 406 (1973); *but see, Etchison*

*v. SAIF,* 16 Or App 344, 518 P2d 675, Sup Ct *review denied* (1974).

Our de novo review leads us to agree with the opinion and order of the Workmen's Compensation Board.

Reversed and remanded.