In the Matter of the Compensation
of Marie H. Bradshaw, Claimant.

BRADSHAW,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(82-00795; CA A28229)

687 P2d 165

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant appeals a Workers' Compensation Board order granting her 70 percent scheduled permanent partial disability for the loss of her left foot and denying her claim for permanent total disability. The issue on appeal is whether claimant has shown that her disabling headaches are causally related to her foot injury. We originally affirmed the case without opinion. *Bradshaw v. SAIF,* 66 Or App 751, 675 P2d 519 (1984). On reconsideration, we withdraw our original disposition, find that the headaches are compensable and remand to the Board for determination of the extent of permanent disability.

Claimant worked for many years as a newspaper carrier, delivering 200 to 400 papers a day by automobile. She was injured when she stepped on a board with a nail in it while she was walking up a driveway to deliver a paper. The wound became infected, causing her underlying diabetes to go out of control, and she was hospitalized for the treatment of both conditions. It took nearly a year for the infection to clear up; the foot continues to be of limited use. Before the injury claimant only rarely had headaches. She began having severe left frontal headaches while she was hospitalized, at a time when the infection was at its worst and before the diabetes was controlled. She has continued to have headaches since then. At times they are disabling; she regularly takes a prescription pain killer for them. Her treating physician referred her to specialists, but they were unable to find any organic cause. A neurologist suggested that they might be muscle contraction headaches, but muscle relaxants produced no relief. In short, the chronology suggests that the headaches are the result of her injury and its complications, but no one has been able to indicate either what is causing the headaches or any mechanism that might relate them to the compensable injury.

We have always been hesitant to infer causation from chronological sequence. *Post hoc ergo propter hoc* is a classic logical fallacy. *See Edwards v. SAIF,* 30 Or App 21, 566 P2d 189, *rev den* 279 Or 301 (1977). Yet, as Sherlock Holmes noted, when one has excluded all other explanations, whatever remains, no matter how improbable, must be true. The headaches began when the effects of claimant's injury were at their

height, with a serious foot infection, high fever and uncontrolled diabetes. They were severe enough to delay her discharge from the hospital. Claimant and her physician made a thorough effort to discover their cause, including radiological examinations of her brain and its blood vessels and a full work-up by a neurologist, but every avenue they explored led to a dead end. Claimant's physician, who has over 30 years of family practice experience, ultimately concluded that the headaches and the injury are related.

"* * * She did not have headaches before. They began immediately after the infection reached its peak and they have been a problem ever since.

"* * * * *

"* * * We have not been able to find an organic cause, no tumor or blood vessel or abscess which is what you suspect to begin with, that we have an abscess as a secondary event from the foot but we could not establish that.

"* * * * *

"It came on with a high fever and infection and just won't go away."[1]

The headaches must have some cause. The close connection between their onset and claimant's physical condition, combined with the inability to find any specific cause for them, lead us to agree with claimant's physician's application of Sherlock Holmes' principle. We find it more probable than not that the headaches were caused by the direct effects of claimant's injury and, therefore, that they are compensable.[2] The remaining question is extent of disability. On this record, it is best for the Board to determine that in the first instance.

Reconsideration allowed; reversed and remanded for determination of extent of disability.

---

[1] Claimant's physician also dismissed hypertension and muscle contraction as possible causes of the headaches.

[2] This case is distinquished from *Edwards v. SAIF, supra,* because the chronological connection here between the injury and the allegedly compensable condition is much closer, because of the careful elimination of all alternative causes and because of claimant's physician's opinion that the conditions are related.