Argued and submitted March 4, reversed and remanded October 2, 1985

In the Matter of the Compensation of
Raynell A. Lobato, Claimant.
### LOBATO,
*Petitioner,*

*v.*

### STATE ACCIDENT INSURANCE FUND
### CORPORATION,
*Respondent.*

(83-04932; CA A33303)

706 P2d 1025

Malcolm J. Corrigall, Coos Bay, argued the cause for petitioner. With him on the brief were Debra A. Dunn and Ormsbee & Corrigall, Coos Bay.

Linda DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board reinstating insurer's denial of his aggravation claim. We reverse and remand for processing of the claim in accordance with ORS 656.262.

We adopt the Board's statement of facts:

"On August 16, 1977 claimant strained his low back when he reached over to pick up some roofing while at work. The claim was closed by Determination Order dated June 5, 1978 which granted no award for permanent disability. Claimant received an award for 15% unscheduled disability by a stipulated order in November 1978. Claimant sought no treatment for his back from June 1978 until March 1983.

"In March 1983 claimant reported to Dr. Whitney that his back pain had become increasingly more severe. Dr. Whitney stated: 'He has a chronic back strain with obesity.' The doctor noted that claimant had gained 30 to 40 pounds since he had last visited a doctor. He opined that claimant's condition had worsened.

"In April 1983 Dr. Whitney opined: 'The treatment that I am offering [claimant] is due to the aggravation of his activity and his weight change and hopefully, we will get him to improve to the point that he can return to his level, at which he participated, when last declared medically stationary. But, a lot of this will depend on the weight loss.'

"In September 1983 Dr. Whitney stated: '[Claimant] definitely had a back injury in 1977. His obesity is not causing his back injury, however, it can cause exacerbations and lack of improvement due to the extra weight. [Claimant] himself, has noted that when he gains weight the pain increases in his back and his ability to function decreases. The basic cause of his pain is the previous injury.'

"In January 1984 Dr. Serbu examined claimant and opined that 'his problem is mainly related to his rather marked exogenous obesity, the patient having a mechanical type low back problem.' "

SAIF denied claimant's aggravation claim on the ground that Whitney's treatment was directed towards claimant's obesity rather than his industrial injury. The denial letter said, "In view of the fact that SAIF Corporation has not accepted responsibility for your obesity, we cannot accept responsibility for your current treatment." The referee set

aside the denial and ordered SAIF to accept claimant's aggravation claim.

Claimant first assigns as error the Board's reversal of the referee's order requiring SAIF to accept the aggravation claim. The Board based its decision on *Nelson v. EBI Companies,* 296 Or 246, 674 P2d 596 (1984), in which the issue was the extent of the claimant's disability rather than the compensability of her condition. Therefore, we must first decide whether the principles stated in *Nelson* apply in determining whether a claimant has established a compensable aggravation under ORS 656.273. *Nelson* holds that a claimant's unreasonable failure to follow a weight reduction plan justifies the reduction of a permanent disability award. The Supreme Court said that "a claimant who has suffered personal injury has a duty to minimize his or her damages in workers' compensation cases. An unreasonable failure to follow needed medical advice is a form of lack of minimization." 296 Or at 252.

The Board explained its application of *Nelson* in the present context with little elaboration:

"We have previously concluded that the general principles articulated in *Nelson* also apply in the context of a denied aggravation claim. *Dan Lingo,* 35 Van Natta 1261 (1983). The Supreme Court's holding in *Nelson* is grounded in the proposition that 'a claimant who has suffered personal injury has a duty to minimize his or her damages.' 296 Or at 252. Likewise, a claimant who has suffered a compensable injury should not be entitled to additional compensation in the form of an aggravation claim because he or she has increased his or her physical impairment by gaining weight."

We disagree. The rules and considerations that obtain when compensability is at issue differ from those applicable in determining the extent of a claimant's disability. When the issue is the extent of disability, the rule stated in *Nelson v. EBI Companies,supra,* rightly applies, because it allows a measured reduction of the claimant's benefits. Compensability, however, is an all-or-nothing determination. To extend the rule stated in *Nelson* to that determination would be inconsistent with the policy of construing the Worker's Compensation Act liberally for a worker's benefit, *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977), because it could deny the worker all of the act's benefits when

the claimant's job was a material, but not primary, contributing cause of his disability.

 Extending the *Nelson* rule would also be inconsistent with the standard that generally applies in determining the compensability of worsened conditions: whether claimant's work-related injury was a *material* contributing cause of the worsened condition. *Peterson v. Eugene F. Burrill Lumber,* 294 Or 537, 660 P2d 1058 (1983). That standard implies that some conditions may be compensable although primarily caused by events unrelated to the claimant's work. In this case, for example, claimant's weight gain may have been the sole cause of the worsening of his condition, and his weight may be a major cause of the condition itself. It is not, however, the only cause of his worsened condition. We are satisfied from Whitney's September, 1983, letter that claimant's 1977 compensable injury remains a material contributing cause of his present disability and that he would probably not have experienced back difficulties as a result of his weight gain if he had not originally suffered a compensable back injury. He would be insufficiently compensated for the consequences of his work-related injury if the law required him to bear additional costs that are directly related to the original injury because of an increase in weight that would otherwise not have been disabling.

Claimant's condition has worsened. His compensable injury is a material contributing cause of his worsened condition. Therefore, he has a compensable aggravation claim which should have been accepted.

We need not discuss at length claimant's second assignment of error, because it concerns his claim for medical services under ORS 656.245. Acceptance of his aggravation claim entitles him to payment for those services.

Reversed and remanded for processing of the aggravation claim in accordance with ORS 656.262.