Argued and submitted July 17, reversed October 9, 1985

In the Matter of the Compensation of
A. Marlene Taylor, Claimant.
TAYLOR,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(83-06454, 83-08820; CA A33727)

706 P2d 1023

Howard R. Nielsen, Salem, argued the cause for petitioner. With him on the brief was Allen & Vick, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant seeks review of a Workers' Compensation Board order that reversed a referee's order setting aside SAIF's denial of medical treatment after a compensable injury. On *de novo* review, we reverse. ORS 656.298.

Claimant suffered a compensable low back injury on August 27, 1981, while working as a housekeeper for Good Samaritan Hospital. She reported the injury the same day, in the employer's emergency room, to Dr. Gulick, who diagnosed a low back strain. Except for some time in September, 1981, she continued to work after her injury. In October, 1981, Gulick determined that she was medically stationary with no permanent impairment and that she had degenerative disc disease aggravated by obesity. In May, 1983, Gulick reported to SAIF that claimant's obesity rather than her compensable back injury was the source of her back problems. On June 15, 1983, SAIF informed claimant that it no longer believed that her treatment was related to her compensable injury and denied further treatment.

Claimant began receiving chiropractic treatment for her injury in September, 1981. She has continued receiving treatment from Dr. Hamilton as needed to relieve her back pain. Hamilton believed that obesity and degenerative disc disease were minor factors in the back condition and considerably less significant than her original injury and the numerous work-related exacerbations she had experienced.

In support of its denial of payment for continued treatment, SAIF submitted evaluations by two other doctors. Dr. Fechtel reviewed the chiropractic chart notes and other SAIF file reports. He concluded that claimant was predisposed to low back injuries and that treatment after May, 1982, appeared unrelated to the compensable injury, but he did not indicate why. Dr. Wagner, a member of the employer's staff, examined claimant in September, 1983, and determined that her lower back discomfort resulted from "sacralization" of a lumbar vertebra. Hamilton disagreed.

■ When medical evidence is divided, we tend to give greater weight to the conclusions of a claimant's treating physician, unless there are persuasive reasons not to do so. *Weiland v. SAIF*, 64 Or App 810, 669 P2d 1163 (1983). The

referee relied on Hamilton's analysis of claimant's symptoms because he was her treating physician. He had examined her on a regular basis since September, 1981, and had a better opportunity to evaluate her condition than the doctors who either did not examine her or who did so on a limited basis.

SAIF argues that Gulick is also a treating physician, because he was the first to diagnose her injury and he conducted follow-up examinations. Even if we consider him as a treating physician, there are persuasive reasons not to give his opinion greater weight than Hamilton's. According to the record, Gulick had not examined claimant for over a year when he recommended that SAIF stop paying for the back treatments. Further, he considered claimant's weight to be the primary factor for her need for continued back treatment, but he was unaware that she had lost 40 pounds and had realized no corresponding relief of pain.

A worker is entitled to compensation for the disabling results of work activity, even if a pre-existing condition also plays a causative role in the disability. *Nelson v. EBI Companies,* 296 Or 246, 250, 674 P2d 596 (1984); *Hoffman v. Bumble Bee Seafoods,* 15 Or App 253, 254-55, 515 P2d 406 (1973).[1] In the instant case, even though claimant's obesity may have predisposed her to back problems, her condition requiring treatment did not exist until the 1981 injury. Hamilton testified that, even if claimant were to lose additional weight, her back problems would continue as long as she remains employed where she works now. We find that claimant's work activity was a material contributing cause of her condition. Claimant has met her burden of proving by a preponderance of the evidence that her need for medical services is causally related to the original compensable injury. *See Brooks v. D & R Timber,* 55 Or App 688, 691, 639 P2d 700 (1982).

Reversed; referee's order reinstated.

---

[1] Although *Nelson v. EBI Companies, supra,* requires the reduction of a permanent disability award if claimant unreasonably fails to follow a weight reduction program, that rule cannot properly be extended to determinations concerning compensability of an injury or aggravation because of its inconsistency with the materiality standard. *Lobato v. SAIF,* 75 Or App 488, 706 P2d 1025 (1985).