Argued and submitted January 10, affirmed in part, reversed in part and remanded
July 23, 1986

In the Matter of the Compensation of
Patrick J. Havice, Claimant.

HAVICE,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-08177 & WCB 83-08027; CA A36250)

722 P2d 742

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore

## GILLETTE, P. J., Pro Tempore

Claimant seeks review of a Workers' Compensation Board order which reversed the referee's decision that his low back condition was compensable as an aggravation. We reverse in part and affirm in part.

Claimant worked for employer for 18 months in 1977 and 1978. In early August, 1978, while operating a sanding machine, he suffered severe back pain which forced him to miss four days of work. Later that month, he again suffered low back pain, as well as pain and swelling in the joints of his hands. Claimant was examined by Dr. Jefferson on August 18, 1978, and again on August 29. According to Jefferson's initial report, claimant complained both of swelling of the joints in his hands and low back pain; Jefferson diagnosed the condition as traumatic arthritis. Claimant was released for work on August 19, but was forced by pain to leave his job on August 31. He did not return.

Employer submitted a claim form to SAIF dated September 14, 1978, describing an "injury" consisting of pain in the hands and back. On October 2, 1978, SAIF partially accepted the claim as a nondisabling injury. On November 8, 1978, SAIF denied responsibility "for the condition diagnosed by Jefferson as traumatic arthritis superimposed on preexisting arthritis."

Jefferson referred claimant to Dr. Cassell, a rheumatologist, for treatment of his hands. Cassell entered a chart note on November 14, 1978, referring to complaints of low back pain. In June, 1981, while undergoing treatment for arthritis at the Oregon Health Sciences University, claimant was diagnosed as suffering from mechanical (not arthritic) low back pain and degenerative disc disease.[1] In November, 1982, his low back pain increased after he pushed on a car wheel. He went to Dr. Buck in December, 1982, who saw symptoms of a herniated disc and referred him to Dr. Golden, a neurosurgeon. On June 9, 1983, Golden performed a laminectomy and removed a disc herniation. His report to SAIF

---

[1] The Board's and SAIF's version of the facts indicate that medical reports never noted back pain after August, 1978. Our review of the record reveals that statement is incorrect; Cassell's November 14, 1978, chart note and a September, 1981, Oregon Health Sciences University medical report refer to back pain.

indicated that claimant's condition was related to his August, 1978, injury. On July 2, 1983, claimant filed a separate claim for an occupational back disease which allegedly resulted from his employment with employer. SAIF sent a letter denying compensation for the disc surgery on August 17, 1983.[2]

At the hearing, claimant testified that he had never suffered back pain before the August, 1978, incident, but that since that time the pain had been continuous. Golden's August 19, 1983, report states:

> "The history I obtained on Mr. Havice, and as a result of my evaluation, leads me to believe that there is a definite causal relationship between his work activities five years ago and the diagnosis of a herniated disc. He has had a constant flow of symptoms from that time and it became progressively worse. There may be some aggravation from other factors and his susceptibility to inflammatory response as a result of rheumatoid arthritis, may also be a factor. Nonetheless, the significant causal factor is the injury as described."

Golden acknowledged that it was not possible to tell from his surgical examination of the injury when the herniation actually occurred. He relied on the history given to him by claimant to reach his conclusion that the 1978 injury was a "significant causal factor." Dr. Brown, a neurologist, never examined claimant. He reviewed claimant's medical file and listened to his testimony. In his opinion, there was no connection between the original back injury and the surgery. He believed that none of the medical reports before Buck's stated findings consistent with a herniated disc and that the herniation was more likely attributable to gradual degenerative changes than to trauma.

The referee agreed with claimant and Golden. In his findings he stated:

> "The compensability of the aggravation claim rises or falls primarily on the level of this claimant's credibility. After hearing and observing claimant, I adjudge him to be extremely honest. He is worthy of belief, and I accept his testimony. I conclude, * * * that the August, 1978, work was a material

---

[2] Claimant filed the occupational disease claim as an alternative theory of recovery for the surgery. SAIF's letter of August 17, 1983, was sufficient to deny both the aggravation and occupational disease claims. Claimant does not argue here that the disc herniation is compensable as an occupational disease.

factor in the condition resulting in the June, 1983 surgery. SAIF denied responsibility for arthritis on November 8, 1978, but since it was not the arthritis which necessitated the surgery, that denial is no bar to the instant aggravation claim."

On review, the Board acknowledged the referee's credibility finding; it purported to analyze the case strictly as a question of medical causation. It found that claimant had not met his burden of proving that the herniated disc was related to his occupational injury of August 18, 1978. The Board's opinion turned entirely on what it said were

"serious discrepancies between the evolution of back and leg pain as described by claimant at the hearing (and relied upon by Dr. Golden), and the history reflected in the medical records from the time of petitioner's 1978 injury."

We think that the Board's analysis is really a rejection of the referee's credibility assessment. If the medical history were devoid of any reference to a low back disorder, the Board's conclusion might be acceptable. However, as we have already noted, there are several references to low back pain in the reports, although, as Brown stated, they may not be indicative of a disc herniation. We accept the referee's express findings of credibility. We find, additionally, that Golden's opinion of medical causation is more persuasive, and conclude that the back injury of 1978 was a material contributing cause of claimant's back condition requiring surgery. *See Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981).

We affirm the Board's denial of interim compensation, attorney fees and penalties.

Reversed as to compensability; affirmed as to interim compensation, penalties and attorney fees; remanded for acceptance of aggravated claim.