Argued and submitted January 23, reversed and remanded June 24, 1987

In the Matter of the Compensation of
Shelli S. Jordan, Claimant.

JORDAN,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-10417; CA A39377)

738 P2d 588

Merrill Schneider, Portland, argued the cause for petitioner. On the brief were Kathryn J. Harte and Merrill Schneider & Associates, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith L. Kutler, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Joseph,* Chief Judge, and Warren, Judge.

BUTTLER, P. J.

---

* Joseph, C. J., *vice* Young, J.

## BUTTLER, P. J.

Claimant seeks reversal of a Workers' Compensation Board order holding that medical treatment of her mild carpal tunnel syndrome is not compensable. On *de novo* review, we reverse and remand.

Claimant first began to feel pain in her wrist in September, 1980, when she was working part time as a furniture builder. She testified that the repeated use of a rubber mallet in hammering boards together caused pain. The doctor who examined claimant at that time diagnosed carpal tunnel syndrome and synovitis. Dr. Robertson, whom claimant began seeing immediately thereafter, also diagnosed carpal tunnel syndrome. Dr. Norton, an orthopedic consultant for SAIF, agreed that the type of work claimant had been doing could bring on carpal tunnel syndrome. Neurological stimulation studies did not confirm that diagnosis, presumably, as one doctor reported, because claimant's symptoms are so mild. Robertson released claimant for regular work on December 5, 1980, and by a determination order of February 19, 1981, she received an award of temporary total disability. However, she continued to experience symptoms of pain, swelling and numbness.

Dr. Stolzberg, a neurologist, examined claimant for SAIF in June, 1981, and found no objective basis for her continued complaints. He found her to be "completely normal" and disputed Robertson's diagnosis of carpal tunnel syndrome. In Stolzberg's opinion, claimant had experienced no more than a mild strain, which had resolved. He attributed her continued complaints to a manipulative personality, which allegedly makes her try to control her environment by complaining of "invisible" injuries. After Stolzberg's examination, claimant did not consult a doctor until March, 1984, when she returned to Robertson with complaints of wrist pain, swelling and numbness. At that time, she was seven months pregnant. His notes indicate that he believed that the wrist condition would disappear after her pregnancy terminated.

Dr. Reilly, a neurological consultant for SAIF, examined Robertson's chart notes and claimant's medical file in August, 1984. He agreed with Robertson that claimant was experiencing symptoms of mild carpal tunnel syndrome. By that time, her pregnancy had terminated but the wrist pain

had not. Reilly did not note that as a significant point; he stated only that wrist problems are common during pregnancy and that claimant's wrist condition was related to the pregnancy and not to the work injury of 1980.

SAIF denied the claim for medical treatment, stating that there was no evidence that the current wrist condition was related to the 1980 injury. At the hearing, claimant testified that her symptoms have been constant since the injury, but that between June, 1981, and March, 1984, she attempted to take care of the problem by using an ace bandage. She stated that she returned to Robertson in March, 1984, because the wrist was still symptomatic and she felt that it was time to have it reexamined. She stated that the wrist did not improve after pregnancy. Robertson wrote a report in June, 1985, stating that claimant's symptoms are related to the work injury, because they are identical to those experienced after the injury.

The referee agreed with SAIF that claimant's present wrist condition is related to her pregnancy. In addition to the opinion of Reilly, the referee relied in part on Stolzberg's finding that claimant's condition in 1981 was "completely normal" and that she had no permanent residuals of the injury. He also cited the fact that claimant had not sought medical treatment between 1981 and 1984, apparently viewing that as an indication that the injury had resolved in 1981. The Board affirmed, adopting the referee's opinion.

■ The medical treatment is compensable if the injury of 1980 continues to be a material contributing cause of the wrist condition. ORS 656.245; see *Taylor v. SAIF,* 75 Or App 583, 706 P2d 1023 (1985). Irrespective of Stolzberg's skepticism, claimant's testimony and the other evidence indicates that she has suffered the same symptoms, without interruption, since the injury. We find that, whatever the objective medical diagnosis of the wrist condition, the symptoms of which claimant complained at the time when she was examined by Stolzberg were the same symptoms that she had suffered since her work injury in September, 1980, and that she continued to suffer at the time of the hearing.

■ The medical evidence as to the cause of the current symptoms is divided. Neither Robertson nor Reilly expressed

his opinion in detail, and neither opinion reflects much analysis. For several reasons, however, we find Robertson's opinion to be more persuasive. Reilly never examined claimant; he formed his opinion only from the medical records. His conclusory statement that claimant's wrist condition is not related to the injury, because it is related to her pregnancy, is not persuasive.

Robertson, on the other hand, has treated claimant since 1980 and has first-hand knowledge of her entire medical history relating to her wrist. He examined her before, during and after her pregnancy, and noted the same symptoms throughout. He is in a superior position to evaluate her condition. *See Weiland v. SAIF,* 64 Or App 810, 669 P2d 1163 (1983). Although he did note in his charts that the current symptoms should disappear after pregnancy, that is not inconsistent with his later opinion that the symptoms claimant continues to suffer after her pregnancy are related to the 1980 injury. His opinion, together with claimant's testimony concerning her continued symptoms, lead us to conclude that her present wrist condition is related to the 1980 injury, and that treatment of it is compensable. *See Bradshaw v. SAIF,* 69 Or App 587, 687 P2d 165 (1984).

Reversed and remanded.