Argued and submitted May 25, reversed and remanded for reconsideration
October 11, 2006

In the Matter of the Compensation of
Jerry E. Mize, Claimant.

Jerry E. MIZE,
*Petitioner,*

*v.*

COMCAST CORP-AT & T BROADBAND,
*Respondent.*

04-05568; A128708

145 P3d 315

George J. Wall argued the cause for petitioner. With him on the briefs was Welch, Bruun & Green.

Howard R. Nielsen argued the cause for respondent. With him on the brief was The Gilroy Law Firm, P.C.

Before Wollheim, Presiding Judge, and Edmonds* and Armstrong, Judges.

EDMONDS, J.

---

* Edmonds, J., *vice* Ceniceros, S. J.

Wollheim, P. J., concurring.

## EDMONDS, J.

The threshold issue in this case concerns the meaning of the phrase "in material part" in ORS 656.245(1)(a).[1] Claimant seeks judicial review after the Workers' Compensation Board (board) ruled that he had failed to meet his burden to show that his compensable injury was a material cause of his current need for treatment. In reaching its decision, the board reasoned that the word "material" in the above phrase required claimant to prove that his need for medical services resulted from something more than a "minor contribution" to his current condition by his compensable injury. We conclude that the board erred and therefore reverse and remand for reconsideration.

Claimant suffered a compensable injury to his knee in March 2002 when he fell from a vehicle while at work. After surgery by Dr. Rask to repair a medial meniscus tear, claimant's claim was closed in March 2003 by a notice of closure that included awards of temporary and permanent disability. In January 2004, claimant returned to Rask, complaining that his knee condition had not fully resolved since the surgery. As a result of his examination of claimant's knee, Rask recommended additional surgery. According to Rask's medical report, the congenital anatomic configuration of claimant's knee was the major contributing cause of his current need for medical treatment. However, Rask also opined,

"While the congenital anatomic configuration of [claimant's] patella is the major cause of his need for treatment, his right knee injury of 3/5/2002, and the *muscular atrophy and weakness* that were caused by his injury contribute to his present need for treatment, and are a material cause of his need for the surgeries * * * propose[d]."

---

[1] ORS 656.245(1)(a) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

(Emphasis added.) Rask commented, additionally, that " '[m]aterial cause' implies, in this case, a *minor* contribution." (Emphasis in original.)

Employer denied claimant's claims for medical services and for an aggravation of his compensable injury, and claimant sought to overturn that denial before an administrative law judge (ALJ). The ALJ upheld employer's denial of the aggravation claim but overturned the current condition denial, reasoning that, to be eligible for medical treatment, the accepted condition need only be a material cause of claimant's need for treatment. The ALJ also observed that there had been no claim for a consequential or combined condition that might give rise to a "major contributing cause" standard of proof for claimant. *See* ORS 656.245(1).

Employer appealed the ALJ's order to the board, challenging the ALJ's determination that set aside the denial of claimant's claim for medical treatment.[2] The board ruled that it did not need to determine whether claimant's claim was subject to a "material" or "major" contributing cause standard of proof "because we find the evidence insufficient in either event." Rather, the board reasoned that,

> "for purposes of ORS 656.005(7)(a), a 'material cause' is a *substantial* cause, something more than minimal. *See Van Blokland v. Oregon Health Sciences University*, [87 Or App 694, 698, 743 P2d 1136 (1987)]; *Summit v. Weyerhaeuser* [*Company*, 25 Or App 851, 856, 551 P2d 490 (1976)]. Because Dr. Rask described 'material' in this case as implying, or meaning, 'minor,' we cannot say that the doctor's 'material cause' conclusion establishes that the work injury was a substantial cause (more than minimal) of claimant's condition, or his disability or need for treatment for that condition. Accordingly, absent persuasive evidence establishing material causation, we uphold the employer's denial of claimant's current condition."

(Emphasis in original.)

On review, claimant argues that the board erred in its interpretation of the phrase "in material part" in ORS

---

[2] Claimant did not appeal the ALJ's ruling upholding the denial of the aggravation claim to the board.

656.245(1)(a). In his view, those words mean "having some logical connection with the consequential facts." Employer responds that the board's understanding of the meaning of the word "material" is consistent with our case law and that it refers to "a level of proof that establishes material cause as something more than minimal, but less than the only cause and less than primary cause."

Initially, we conclude that the board's reliance on *Van Blokland* and *Summit* is misplaced. In *Van Blokland*, the issue on *de novo* review was whether a weight loss program was a compensable medical service under the existing version of ORS 656.245(1), which provided that, "[f]or every compensable injury, the insurer * * * shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of recovery requires." We stated,

> "Claimant is entitled to treatment for the disabling results of a compensable injury, even if pre-existing and continuing obesity contributes to the disability. The compensable injury need not be the sole cause or the most significant cause of the need for treatment, but only a material contributing cause."

87 Or App at 698 (internal citations omitted).

The issue in *Summit* was whether on *de novo* review, the claimant's heart attack was work related, that is, whether the claimant had proved by a preponderance of the evidence that a compensable injury had occurred. The record contained conflicting medical reports on that issue. Exercising our fact-finding function, we adopted the referee's analysis, which stated, in part:

> "The test for determining medical causation is whether the stress of exertion connected with decedent's job was a materially contributing factor to his later disabling condition, *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968); *Mayes v. Compensation Dept.*, 1 Or App 234, 461 P2d 841 (1969). * * *
>
> "* * * * *
>
> " 'Next, considering the question of medical causation; while work activity must have more than a minimal effect,

*Cardwell v. SAIF*, 6 Or App 175, 486 P2d 587 (1971), it is only necessary that it be a material factor. It need not be the sole or primary cause, but only the precipitating factor[.]' "

25 Or App at 855-56.

In *Cardwell*, the issue was also about medical causation. Unlike in *Summit*, we concluded in *Cardwell* that the claimant had not carried his burden of proof by a preponderance of evidence. We explained, referring to some of the medical testimony, that, "[o]n the whole, this testimony suggests that the work activity was a minimal rather than a material contributing cause of death." 6 Or App at 181.

None of the above cases involved the interpretation of the statutory language at issue in this case, let alone language in related statutory provisions. For that reason alone, they are of little or no help in discerning the meaning of the phrase "in material part" in the current version of ORS 656.245(1), absent some indication that the legislature intended to adopt our case law. The parties have not pointed us to anything—and we are not otherwise aware of anything—that suggests that the legislature intended to incorporate our statements in *Summit* and *Cardwell* into ORS 656.245(1). Further, our statements in those cases could be read to suggest that, on the continuum of causation, there is a point at which the contribution of the work-related injury or condition to the need for medical services is so minimal in nature that there is no responsibility for the payment of medical services under the Workers' Compensation Law, even though the injury or condition, in fact, contributes to the need for medical services. Again, we have no authority to write a "more than minimal" standard into ORS 656.245 in the absence of some indication that such a standard was intended by the legislature. *See* ORS 174.010.

Rather, in determining the meaning of the phrase "in material part" in ORS 656.245(1), we follow the methodology for statutory construction set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), considering first the text and context of the statute. At the first level of analysis, we consider rules of construction that bear directly on how to read it, such as the rule that

words of common usage typically should be given their ordinary meaning. *Id.* at 611. In addition, we consider other provisions of the same statute and other related statutes in order to provide context to the words used in the text. If the same term is used throughout a statutory scheme, it is presumed that the legislature intended the term to have the same meaning. *Id.*; *Racing Com. v. Multnomah Kennel Club*, 242 Or 572, 584, 411 P2d 63 (1966). Finally, if the legislature's intent is clear from the above inquiry, our inquiry is at an end, and we need not go beyond the words of the statute. *PGE*, 317 Or at 611.

We conduct our analysis in this case by applying the above rules to the phrase "in material part" in ORS 656.245(1). The words "in material part" are not defined by any statute in chapter 656, nor does the word "material" appear in ORS 656.005(7)(a), which defines a "compensable injury" as an injury "arising out of and in the course of employment[.]" We turn, then, to the ordinary meanings of the words "in material part." First, the word "part" in the context of ORS 656.245(1) means "one of the equal or unequal portions into which something is or is regarded as divided." *Webster's Third New Int'l Dictionary* 1645 (unabridged ed 2002). There are, however, multiple definitions of the adjective "material." The definition that best fits the context of ORS 656.245(1) is that a "material part" must be "of real importance or great consequence : SUBSTANTIAL ‹ found a [material] difference between the two things › ‹ a [material] point of order › ‹ made a [material] correction › ‹ a [material] objection ›." *Webster's* at 1392. When the word "material" is used in that sense, it is used in a comparative and not a quantitative sense, or in the context of ORS 656.245(1), a comparison to a major contributing cause of the need for medical services. The converse of the word "material" in ORS 656.245(1) is "immaterial," which is defined, in part, as something that is "not material or essential to a legal matter or case." *Webster's* at 1129. Therefore, the words "in material part" refer to a fact of "consequence" regarding the need for medical services.[3] Understood in that way, *any* contribution

---

[3] *Cf. State v. Johanesen*, 319 Or 128, 135, 873 P2d 1056 (1994) (A "material" fact is a fact of consequence to the determination of an action).

by a work-related injury to a claimant's current condition could be a "material" factor in the need of medical services without regard to the amount of its contribution so long as the injury is a fact of consequence regarding the claimant's condition.[4] There is, therefore, no textual support in ORS 656.245(1) for the proposition that the legislature intended to include a "more than minimal" standard in the statute.

That understanding of the meaning of the words "in material part" in the text of ORS 656.245(1) is confirmed by the use of the word "material" in related statutes in chapter 656. ORS 656.005(17) provides that "[m]edically stationary" means "no further material improvement would reasonably be expected from medical treatment, or the passage of time." ORS 656.236(1)(a)(B) provides that a compromise and release of a claim shall be approved in a final order unless the board "finds the proposed disposition is the result of an intentional misrepresentation of material fact[.]" Finally, ORS 656.360(3) provides that medical records of workers may not be disclosed unless the disclosure is "[t]o detect or prevent criminal activity, fraud, material misrepresentation or non-disclosure." Each of the above-related statutory provisions uses the word "material" to distinguish the "fact," the "misrepresentation," or the "improvement" from facts, misrepresentations, and improvements that have no consequence in the determination at issue.

Having construed the meaning of the words "in material part" in ORS 656.245(1), we turn to the board's ruling that, as a matter of law, a "minor" contributing cause cannot constitute a "material cause." The board explained,

"[A] 'material cause' is a *substantial* cause, something more than minimal. * * * Because [the treating physician] described 'material' in this case as implying, or meaning, 'minor,' we cannot say that the doctor's 'material cause' conclusion establishes that the work injury was a substantial cause (more than minimal) of claimant's condition, or his

---

[4] In ORS 656.245(1) the words "in material part" are in contrast to the words "caused in major part." A "major contributing cause" is one that is the primary cause of the need for treatment or disability. *Cummings v. SAIF*, 197 Or App 312, 318, 105 P3d 875 (2005). Thus, as used in the statute, a "material" cause for the need for treatment is a cause that is not the primary cause, but, nonetheless, a cause of the need for treatment.

disability or need for treatment for that condition. Accordingly, absent persuasive evidence establishing material causation, we uphold the employer's denial of claimant's current condition."

(Emphasis in original.)

The board erred in concluding that a "minor cause" could not constitute, as a matter of law, a cause "in material part" of claimant's need for medical services. The common understanding of the word "minor," when used as an adjective, means that the object that it modifies is "inferior in importance : comparatively unimportant[.]" *Webster's* at 1439. Although a minor cause may be less important or consequential than a "major" cause, a minor cause can nonetheless be a fact of consequence. The inquiry that the board should have made, assuming that the "material" cause standard is applicable, was whether claimant's work-related injury is a fact of consequence to his need for medical services. On remand, the board should determine whether the material or major contributing cause standard is the proper standard and then conduct its review based on the evidence before it.

Reversed and remanded for reconsideration.

**WOLLHEIM, P. J.**, concurring.

I agree with the result in this workers' compensation case, but I disagree with the majority's interpretation of ORS 656.245(1). Specifically, I disagree with the majority's conclusion that *any* contribution by a work-related injury to a claimant's current condition could be a material factor in the need for medical services "without regard to the amount of its contribution so long as the injury is a fact of consequence regarding the claimant's condition." 208 Or App at 570. In my view, the majority's definition of the statutory term is not helpful. The majority has simply substituted for the term "material" an equally imprecise concept, "fact of consequence." I also do not consider the majority's citations to dictionary definitions of "material" and to other provisions in chapter 656 particularly helpful, especially in light of a long line of cases that have grappled with the phrase and that I consider to be elucidating.

I agree with the majority that determining the meaning of the phrase "in material part" is a matter of statutory interpretation. 208 Or App at 568. I also agree with the majority that the phrase "in material part" is not defined in ORS 656.245(1) or in any other part of the Workers' Compensation Act. 208 Or App at 569. That said, in my view, the case law sheds considerable light on the meaning.

It is well established in the case law that a "major" contributing cause is one that is the primary cause (more than 50 percent) of the need for treatment or disability. *Cummings v. SAIF*, 197 Or App 312, 105 P3d 875 (2005); *Dietz v. Ramuda*, 130 Or App 397, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995). In contrast, the meaning of the term "material contributing cause" is not so succinctly settled. In *Olson v. State Ind. Acc. Com.*, 222 Or 407, 352 P2d 1096 (1960), the Supreme Court said:

> "Reduced to its simplest form 'arising out of' as used in the act means the work or labor being performed was *a causal factor* in producing the injury suffered by the workman. It need not be the sole cause, but is sufficient if the labor being performed in the employment is a *material, contributing cause* which leads to the unfortunate result."

222 Or at 414 (citations omitted; emphasis added). That case is regarded as having established "material contributing cause" as the standard of proof of medical causation applicable to original injury claims. Since *Olson*, numerous decisions have addressed the adequacy of proof necessary to satisfy the material contributing cause standard. *See, e.g., Lorentzen v. Compensation Dept.*, 251 Or 92, 97, 444 Or App 946 (1968) (Medical "testimony that the exertion could have been 'the straw that broke the camel's back' and that it 'contributed to a degree' is a manner of expressing the materiality of the exertion as a contributing factor."); *Jordan v. SAIF*, 86 Or App 29, 33, 738 P2d 588 (1987) (evidence that claimant continued to suffer same symptoms from time of injury to time of aggravation was sufficient to establish that primary injury was material contributing cause of worsened condition). However, there is no single formulation of the requirement; "material" causes have been variously described as "precipitating," *Summit v. Weyerhaeuser Company*, 25 Or App 851, 856, 551 P2d 490 (1976) ("material contributing cause" means something more than a minimal cause; it need not be

the sole or primary cause, but only the precipitating factor); as "caus[ing] at least a part" of the claimant's condition, *Kassahn v. Publishers Paper Co.*, 76 Or App 105, 110, 708 P3d 626 (1985) (evidence that primary injury "caused at least a part of claimant's present, worsened condition" sufficient to establish that primary injury was material contributing cause); as a "but for" cause, *see, e.g., Taylor v. SAIF*, 75 Or App 583, 706 P2d 1023 (1985) (even though claimant's obesity predisposed her to back problems, her condition requiring treatment did not exist until the 1981 injury, which was thus a material contributing cause of her condition); *Lobato v. SAIF*, 75 Or App 488, 706 P2d 1025 (1985) (although weight gain was probably sole cause of worsening, primary injury remained material contributing cause of worsened condition because claimant would probably not have experienced back difficulties as a result of his weight gain if not for the compensable injury); as a "moderate" cause, *Wilkerson v. Davila*, 88 Or App 298, 299, 744 P2d 1331 (1987) (evidence that primary injury was "moderate" contributor to subsequent condition sufficient to establish material contributing cause); as a "significant causal factor," *Havice v. SAIF*, 80 Or App 448, 451, 722 P2d 742 (1986) (evidence that primary injury was "significant causal factor" was sufficient to satisfy claimant's burden of proof on aggravation claim that primary injury was material contributing cause); and as a "direct" cause, *Aetna Casualty Co. v. Robinson*, 115 Or App 154, 158, 836 P2d 1362 (1992) (claimant satisfied material contributing cause standard by proving that condition is the direct result of his injury). This court's case law has long established that a "material" cause is a cause that fits somewhere between a "minimal" cause and the only or "primary" cause. *See Van Blokland v. Oregon Health Sciences University*, 87 Or App 694, 698, 743 P2d 1136 (1987) (compensable injury need not be sole cause or most significant cause of need for treatment, but only "material contributing cause"); *Cardwell v. SAIF*, 6 Or App 175, 486 P3d 587 (1971) (testimony suggesting that work activity was a minimal rather than a material contributing cause of death not sufficient to meet claimant's burden of proof of material contributing cause); *Summit*, 25 Or App at 856.

Dictionary definitions are equally unhelpful. *Black's Law Dictionary* 998 (8th ed 2004) defines the term "material"

as "[h]aving some logical connection with the consequential facts. * * * Of such a nature that knowledge of the item would affect a person's decision-making; significant; essential." A "material cause" is defined in *Webster's Third New Int'l Dictionary* 1392 (unabridged ed 2002) as "something out of which something is made or comes into being." "Material" is defined as "being of real importance or great consequence : SUBSTANTIAL ‹found a ~ difference between the two things› ‹a ~ point of order› ‹made a ~ correction› ‹a ~ correction›." *Id.* Thus, dictionary definitions place the possible meanings of the term "material" somewhere within range of "having some logical connection," to "significant; essential."

The narrow question presented here is whether, in light of what ORS 656.245(1) and the cases and dictionaries reveal, a "minor" cause can be a material one. I would hold that the answer is yes. A "minor" cause is a cause of lesser importance than a major cause, *see Webster's* at 1439 ("minor" defined as "being the less important of two things"), but that does not mean that it is only a "minimal" cause in producing a need for treatment. Dr. Rask, the only physician who offered an opinion on causation, wrote that claimant's compensable knee injury was a material cause of claimant's need for treatment, albeit a "minor" one. Contrary to the board's view, I would conclude that the two descriptions are not mutually exclusive and that Rask's opinion is not internally inconsistent and is sufficient to satisfy the "material cause" standard of proof.

I therefore concur in the majority's disposition to remand this case to determine whether the material or major contributing cause standard applies to this request for medical services under ORS 656.245(1).