On respondents' petition for reconsideration filed February 3, and petitioner's response filed February 10; reconsideration allowed, opinion (317 Or App 116, 505 P3d 1073) modified and adhered to as modified March 30, 2022

In the Matter of the Compensation of
Diane M. Rogers, Claimant.

Diane M. ROGERS,
*Petitioner,*

*v.*

CORVEL ENTERPRISE COMP, INC.
and TriMet – Tri-County Metropolitan Transportation,
*Respondents.*

Workers' Compensation Board
1901029; A174837

509 P3d 763

Employer TriMet filed a petition for reconsideration, contending that the Court of Appeals made a misstatement of fact and erred in its analysis concerning the standard of proof of medical causation on an initial injury claim. *Held*: The Court of Appeals allowed reconsideration to address employer's contentions. The court rejected employer's contention that the court had made a factual error in stating that the board had found that claimant had had an exposure to Influenza A at work. The medical evidence was that, during flu season, the Influenza A virus was present in all public places where humans were present. In adopting the administrative law judge's findings, the board found, "There is no real question that claimant engaged in potentially causative work activities." The court concluded that there cannot be a plausible contention that claimant was not exposed to Influenza A at work. The court also clarified its statement of the standard of proof of medical causation in an injury claim, agreeing with employer that, under the material contributing cause standard of proof, an injury claim is compensable if the work exposure is a substantial cause that is more than a minimal cause.

Reconsideration allowed; opinion modified and adhered to as modified.

Rebecca A. Watkins, David White, and SBH Legal for petition.

Jodie Anne Phillips Polich and Law Office of Jodie Ann Phillips Polich, P. C., for response.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Reconsideration allowed; opinion modified and adhered to as modified.

**ARMSTRONG, S. J.**

In a petition for reconsideration, employer TriMet contends that we made a misstatement of fact and that we reversed the Workers' Compensation Board's (board) order based on an incorrect definition of "material" for purposes of the "material contributing cause" standard of proof in determining the compensability of claimant's Influenza A infection. We allow reconsideration for the purpose of clarifying our analysis concerning the standard of proof of medical causation on an initial injury claim.

It is undisputed that claimant's claim for an Influenza A infection is correctly characterized as an injury claim and that the material contributing cause standard of proof applies.

Employer asserts that we made a factual error in stating that the board had found that claimant had had an exposure to Influenza A at work. We reject the contention. The medical evidence was that, during the flu season, the Influenza A virus was present in all public places where humans were present. The administrative law judge (ALJ) found, "There is no real question that claimant engaged in potentially causative work activities." The board adopted the ALJ's findings. There cannot be a plausible contention that claimant was not exposed to Influenza A at work.

Employer contends that our opinion incorrectly relied on *Mize v. Comcast Corp–AT&T Broadband*, 208 Or App 563, 145 P3d 315 (2006), and incorrectly stated that, under the material contributing cause standard of proof, an injury claim is compensable if the work exposure is a "fact of consequence" in the causation of the claimant's condition. Rather, employer contends, a cause is "material" if it is a "substantial" cause that is more than minimal.

In *Mize*, we addressed the compensability of medical services for a compensable injury under ORS 656.245(1)(a), which provides that, "[f]or every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions *caused in material part* by the injury." (Emphasis added.) In that case, we had before us the meaning of the phrase "in material part," as used in

ORS 656.245. The board had reasoned that, for purposes of ORS 656.245, as determined under our case law construing ORS 656.005, "a 'material cause' is a substantial cause, something more than minimal." *Id.* at 566. In *Mize*, we rejected the conclusion that, for purposes of ORS 656.245, a material cause must be "more than minimal." Rather, we concluded that, in the absence of an indication that the legislature had intended to adopt the definition of "material" from our cases, the statute's meaning had to be determined as a matter of statutory construction under the template described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). *Mize*, 208 Or App at 568. That analysis led us to conclude that "the words 'in material part' refer to a fact of 'consequence' regarding the need for medical services." *Id.* That construction, in turn, led us to conclude that there is "no textual support in ORS 656.245(1) for the proposition that the legislature intended to include a 'more than minimal' standard in the statute." *Id.* We further concluded that a "minimal" or even "minor" cause can, as a matter of law, constitute a cause "in material part" of a claimant's need for medical services, and we reversed the board's order. *Id.* at 570.[1]

As employer correctly asserts, in *Knaggs v. Allegheny Techs.*, 223 Or App 91, 195 P3d 431 (2008), we said that our analysis in *Mize* had not altered the material contributing cause standard of proof for the compensability of an injury claim. We affirmed the board's order in *Knaggs*, holding that a "'material contributing cause' is a substantial cause, but not necessarily the sole cause or even the most significant cause." Implicitly, we also held in *Knaggs* that, for purposes of determining the initial compensability of an injury claim, as distinct from the compensability of medical treatment for an accepted claim under ORS 656.245, a material cause is more than a minimal cause.

It is true that our opinions since *Mize*, and since *Knaggs*, have referred to *Mize*'s "fact-of-consequence" definition of "material" in the context of determining the initial

---

[1] The concurrence in *Mize* noted the challenge in attempting to give a precise definition to "material" cause, as distinct from "major contributing cause," in the workers' compensation context. 208 Or App at 572-74 (Wollheim, J., concurring) ("[T]here is no single formulation of the requirement.").

compensability of a claim. *See, e.g.*, *Staffing Servs., Inc. v. Kalaveras*, 241 Or App 130, 133, 249 P3d 550, *rev den*, 350 Or 423 (2011) (citing *Mize* and its definition of "material" as the standard of proof for determining the compensability of the claimant's new or omitted medical condition claim). But we agree with employer that that is not the applicable meaning of "material" in the context of the material contributing cause standard of proof of medical causation of an initial injury. We therefore modify our opinion to state that a material contributing cause is a substantial cause that is more than a minimal cause. On remand, the board will have an opportunity to reconsider whether claimant's medical evidence meets that standard.

Reconsideration allowed; opinion modified and adhered to as modified.