452 December 6, 2023 No. 647

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Stephen Smith, Claimant.

MARION COUNTY FIRE DISTRICT #1,
*Petitioner,*

*v.*

Stephen SMITH,
*Respondent.*

Workers' Compensation Board
1905249; A177814

Argued and submitted May 12, 2023.

Andrew H. Graham argued the cause for petitioner. Also on the briefs were George W. Goodman and Cummins, Goodman, Denley & Vickers, P. C.

Nelson R. Hall argued the cause for respondent. Also on the brief was Bennett Hartman, LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

This case concerns whether the Workers' Compensation Board (board) properly construed and applied the so-called "firefighter's presumption" when it reversed employer's denial of claimant's occupational disease claim. In three assignments of error, employer asserts that the board misinterpreted and improperly analyzed a medical opinion from Dr. Thomasz Beer and misconstrued the applicable law in analyzing whether employer had rebutted the presumption. We affirm.[1]

Under the firefighter's presumption, when certain predicate facts are demonstrated, a qualifying disease is presumed to be caused by the firefighter's employment.[2] It is undisputed that claimant established those predicate facts. An employer may rebut the presumption and deny a claim only on the basis of "clear and convincing medical evidence that the condition or impairment was not caused or contributed to in material part by the firefighter's employment." ORS 656.802(5)(b). The board concluded that several medical opinions did not persuasively meet employer's burden, and consequently employer had not rebutted the statutory presumption that claimant's prostate cancer resulted from his employment as a firefighter and was a compensable occupational disease.

We begin with employer's two assignments regarding the board's interpretation of applicable provisions of law, and will address the first assignment of error, which encompasses the factual findings the board relied upon, last. We review the board's interpretation of provisions of law for legal error. ORS 656.298(7); ORS 183.482(8)(a).

In its second assignment of error, employer argues that the board misapplied the meaning of "in material part"

---

[1] We issue our opinion today along with a companion case, *North Douglas County Fire & EMS v. Shannon*, 329 Or App 448 (2023) (nonprecedential memorandum opinion). The cases involve the same counsel, assignments of error, and factual bases (including the board's rationale with respect to Dr. Beer), and thus the opinions are identical.

[2] Those predicate facts include that the individual worked as a nonvolunteer firefighter for a political division for at least five years; was diagnosed with a qualifying type of cancer (including prostate cancer); was first diagnosed after July 1, 2009; and, in the case of prostate cancer, was diagnosed prior to reaching age 55. ORS 656.802(5).

contained in the statute. Employer asserts that "in material part," as used in other statutes and interpreted by caselaw, must refer to substantial factors, *i.e.*, facts of "real consequence" or "great importance." We recently resolved that issue in *City of Salem v. Stadeli*, 327 Or App 396, 535 P3d 329 (2023). In that case, we construed "in material part" in ORS 656.802(5)(b) to refer to "a fact of consequence, without regard to the amount of causation or contribution beyond being a fact of consequence," interpreting the phrase to have the same meaning as it does in ORS 656.245(1)(a). 327 Or App at 404-05 (citing *Mize v. Comcast Corp-AT & T Broadband*, 208 Or App 563, 569-70, 145 P3d 315 (2006)). "[R]ebutting the firefighter's presumption under ORS 656.802(5)(a) requires clear and convincing medical evidence that the firefighter's employment was not a fact of consequence *of any amount* in causing or contributing to a claimant's condition or impairment." *Id.* at 405 (emphasis added). The board here referred to *Mize* and interpreted "in material part" to mean "a fact of consequence," and acknowledged that "[e]ven a minor cause can be a 'fact of consequence.'" As in *Stadeli*, we conclude that the board correctly construed "in material part" in ORS 656.802(5)(b) to refer to a "fact of consequence," and we therefore reject employer's second assignment of error.

In its third assignment of error, employer argues that the board committed legal error to the extent it accorded the firefighter's presumption its own independent "evidentiary weight" to be weighed against the contrary evidence in the record. We conclude the board did not err. The board used the words "evidentiary weight" only in a footnote responding to employer's legal arguments, and nothing in the board's decision indicates that the board gave the presumption some independent weight in assessing the persuasiveness or the balance of evidence. The board noted that it was undisputed that claimant had proved the predicate facts to establish the presumption, then, after reviewing the medical opinions in evidence, concluded that it was not persuaded that employer had established by clear and convincing medical evidence that claimant's cancer was not caused or contributed to in material part by his employment. The board cited the primary controlling case that clarified the effect of the presumption, *SAIF v. Thompson*, 360 Or 155,

379 P3d 494 (2016), and correctly stated the function of the presumption in shifting the burdens of production and persuasion to employer to rebut the statutory presumption that claimant's cancer resulted from his employment as a firefighter. The board made no indication that it afforded the presumption its own "evidentiary weight."[3]

Having concluded that the board correctly stated the law, we turn to employer's first assignment of error, in which it asserts that the board misrepresented and improperly analyzed the opinion of Dr. Beer, and thus argues that the decision is not supported by substantial evidence or substantial reason. Our review is confined to the record, and we do not substitute our judgment for that of the board as to any issue of fact or agency discretion. ORS 183.482(7). Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding. ORS 183.482(8)(c).

The board reasoned that Dr. Beer's opinion was largely based on the conclusion that the causes of prostate cancer are unknown. The board correctly noted that in *Thompson*, the Supreme Court held that an opinion that the cause of a condition is unknown is "a confession of an inability to identify a cause," rather than evidence that the condition was not related to employment. *Thompson*, 360 Or at 168. The board went on to note several internal inconsistencies in Dr. Beer's opinion that left the board unpersuaded by the opinion. We conclude that the board's representation of Dr. Beer's opinion is reasonable and supported by substantial evidence. While employer characterizes Dr. Beer's opinion differently, we are not convinced that the board was required to view the opinion the way employer urges. The board reasonably could find, for the reasons the board stated, that Dr. Beer's evidence did not meet employer's burden of persuasion.

Affirmed.

---

[3] We decline to address whether it would have been error for the board to do so. Whether *Wright v. SAIF*, 289 Or 323, 613 P2d 755 (1980) continues to be controlling law in light of later revisions to the Oregon Evidence Code, and the interplay between the rules of evidence and the statutory presumption at issue here do not affect the resolution of this matter.