Argued and submitted January 11, reversed and remanded with instructions
September 7, 1988

In the Matter of the Compensation of
Gene M. Clarke, Claimant.

## CLARKE,
*Petitioner,*

*v.*

## LITTLE W LOGGING et al,
*Respondents.*

(WCB Nos. 85-14249 and 85-07940; CA A43590)

760 P2d 888

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

E. Jay Perry, Eugene, argued the cause for respondents Little W Logging and Liberty Northwest Insurance Co.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents Blue Mountain Forest Products and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Before Joseph, Chief Judge, and Van Hoomissen and Graber,* Judges.

JOSEPH, C. J.

---

* Graber, J., *vice* Warden, P. J.

## JOSEPH, C. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's determination that claimant had suffered a new injury at his last employment, Little W Logging (Little). The Board also found that the claim was untimely filed and denied benefits. Claimant contends that he has suffered an aggravation of a previous injury and that the previous employer, Blue Mountain Forest Products (Blue Mountain), is responsible. We agree with claimant and reverse.

Claimant first compensably injured his back on June 8, 1984, while logging for Blue Mountain. SAIF accepted the claim. He returned to work briefly in July, 1984, but stopped because of pain. Dr. White, claimant's treating physician, stated that he could not return to his former occupation. He was not found to be medically stationary until October, 1984, when he was examined by Orthopaedic Consultants. He received an award of five percent unscheduled permanent partial disability, which was later increased to twelve and one-half percent. After the original injury, claimant received continuous medical treatment, except for two months just before a June 26, 1985, visit to a chiropractor. He experienced no problems while working as a choker setter for two days in March or April, 1985.

Claimant did not work again until he began choker setting for Little. He had worked two to three hours when he slipped off a log and "jammed" his knee. He returned to work after the knee improved, but then his back became painful. He told his supervisor that he felt unable to continue working. He saw a chiropractor, Dr. Paradis, that day. Paradis stated that claimant's condition was the same one that he had treated before and that the incident at Little had contributed to and aggravated the *symptoms* of his low back problem. Orthopaedic Consultants examined claimant and found that he had suffered a symptomatic aggravation without any objective worsening of his back problem.

Claimant contends that he suffered an aggravation of his back injury and that SAIF, as the carrier for Blue Mountain, should compensate him. Further, he contends that, if he suffered a new injury at Little, his claim was filed timely, because he gave notice of the incident to his supervisor. Blue

Mountain argues that Little would be liable for a new injury if the claim had been filed in a timely manner. Little claims that Blue Mountain is responsible, because there is no evidence, except for claimant's testimony, that the fall at Little occurred and, even if it did, it did not independently contribute to a worsening of claimant's condition.

Although no one saw claimant fall, the referee found claimant's testimony, together with Paradis' conclusion that something had worsened claimant's symptoms, sufficient to prove that the Little incident had occurred. The referee found claimant credible, and we defer to that finding. *Havice v. SAIF,* 80 Or App 448, 452, 722 P2d 742 (1986).

The next question is whether the fall independently and materially contributed to a worsening of claimant's disability, which would constitute a new injury. Because we find that it did not, we need not discuss whether his new injury claim was filed in a timely manner.

After claimant first injured his back, he received chiropractic treatments until two months before the 1985 incident. He continued to have back pain after the 1984 claim was closed. Both Orthopaedic Consultants and Paradis stated that they thought that claimant had suffered an "aggravation" of the back condition. There is no evidence, however, that claimant's work at Little, including the fall, contributed independently to a worsening of his disability. Therefore, Blue Mountain remains the responsible employer. *SAIF v. Phipps,* 85 Or App 436, 438, 737 P2d 131 (1987); *Hensel Phelps Const. v. Mirich,* 81 Or App 290, 294, 724 P2d 919 (1986).

Reversed and remanded with instructions to enter an order holding Blue Mountain and SAIF responsible.