Argued October 15, reversed December 13, 1973

JOHNSON, *Petitioner, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*
516 P2d 1289

*Raymond J. Conboy,* Portland, argued the cause for petitioner. With him on the briefs were Dan O'Leary and Pozzi, Wilson & Atchison, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

O'CONNELL, C. J.

The question presented in this petition for review is whether the Injured Inmates Act (ORS 655.505 to 655.550) authorizes an award of attorney's fees in proceedings before the State Accident Insurance Fund board and the circuit court in those cases where the claimant ultimately prevails. Both the board and the circuit court held for petitioner on the merits and awarded attorney's fees. The Court of Appeals held that attorney's fees are not recoverable in such proceedings because the Injured Inmates Act does not provide for them within the Act itself nor by incorporation of the attorney's fees provisions of the Workmen's Compensation Act.[1] *Johnson v. SAIF,* 13 Or App 421,

---

[1] ORS 656.386 reads as follows: "(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the

510 P2d 572 (1973). We think that this interpretation of the statutes is unnecessarily narrow and restrictive and therefore reverse.

It is conceded that an inmate claimant is entitled to attorney's fees on appeal from the circuit court. This is so because ORS 655.525 provides that "[a]n inmate .* * * may obtain review of action taken on his

circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the hearing officer or in a review by the board itself, then the hearing officer or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the hearing officer or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorneys' fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

ORS 656.388 provides: "(1) No claim for legal services or for any other services rendered before a hearing officer or the board, as the case may be, in respect to any claim or award for compensation, to or on account of any person, shall be valid unless approved by the hearing officer or board, or if proceedings on appeal from the order of the board in respect to such claim or award are had before any court, unless approved by such court.

"(2) If an attorney and the hearing officer or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings.

"(3) Any claim so approved shall, in the manner and to the extent fixed by the hearing officer, board or such court, be a lien upon such compensation.

"(4) The board shall, after consultation with the Board of Governors of the Oregon State Bar, establish a suggested schedule of fees for attorneys representing a workman under ORS 656.001 to 656.794."

claim as provided in ORS 656.283 to 656.304." This reference thus includes ORS 656.301 (2), which provides that upon appeal from the circuit court the claimant is entitled to attorney's fees.

It would seem also that under the companion statutes providing workmen's compensation benefits for mentally retarded minors injured while engaged in a special training program the claimant is entitled not only to attorney's fees on appeal from the circuit court but also in connection with proceedings before the board and in the circuit court.[2]

■■ Inasmuch as the legislature made provision for attorney's fees in the foregoing cases, there would seem to be no reason for the legislature to preclude allowance of attorney's fees in the circumstances presented here. Looking at the statutory scheme as a whole, it seems apparent that the legislature intended to incorporate into the statutes dealing with inmates and mentally retarded minor trainees all of the procedural and remedial rights extended to injured workmen, with certain reservations necessitated by the unique position of the inmate or trainee. An inmate claimant is entitled to the same measure of benefits as an injured workman. This is provided for in ORS 655.515, which reads:

> "If an inmate sustains * * * [a compensable injury] * * * benefits shall be paid in the same manner as provided for injured workmen under the workmen's compensation laws of this state * * *."

---

[2] This conclusion is reached by construing ORS 655.420, which provides that "[c]laims for benefits under ORS 655.405 to 655.460 [Injured Minor Trainee provisions] shall be filed by application with the State Accident Insurance Fund in the manner provided for workmen's claims in ORS 656.001 to 656.794 [the Workmen's Compensation Act] to the extent not inconsistent with ORS 655.405 to 655.460. * * *"

Similarly, the provision in the Workmen's Compensation Act for filing claims is made applicable to inmates by ORS 655.520 (1):

> "Claims for entitlement to benefits under ORS 655.505 to 655.550 [i.e., the Inmate Injury Law] shall be filed by application with the State Accident Insurance Fund in the manner provided for workmen's claims in ORS 656.001 to 656.794 [i.e. the Workmen's Compensation Law], to the extent not inconsistent with ORS 655.405 to 655.550. * * *"

Just as these two statutes were designed to incorporate all of the relevant provisions for benefits and for filing claims (to the extent not inconsistent with the inmates compensation statutes), we think that ORS 655.525 was intended to incorporate all of the relevant provisions of the Workmen's Compensation Act relating to judicial review of action taken on inmate claims. The purpose of the reference in ORS 655.525 to ORS 656.283-ORS 656.304 was to identify the sections of the Workmen's Compensation Act setting out the hearing procedures and the scope of review and was not intended to exclude other provisions in another part of the Workmen's Compensation Act under the heading of Legal Representation dealing with attorney's fees (ORS 656.386 and ORS 656.388) among other things.

The decision of the Court of Appeals is reversed.