Argued and submitted April 4, 1988, affirmed January 11, reconsideration denied
April 28, petition for review pending 1989

In the Matter of the Compensation of
Charles I. Spear, Claimant.

STATE OF OREGON, DEPARTMENT OF JUSTICE,
INMATE INJURY FUND,
*Petitioner,*

*v.*

SPEAR,
*Respondent.*

(WCB No. 86-02003; CA A46205)

767 P2d 928

Christine Chute, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner seeks review of an order of the Workers' Compensation Board that affirmed the referee's order that claimant's injury is compensable under ORS chapter 655 and ordered petitioner to pay attorney fees to claimant from the Inmate Injury Fund for services before the Board. Our review is for substantial evidence. ORS 655.525; ORS 656.298(6); ORS 183.482(7) and (8); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988). We affirm.

The referee could have found from the evidence the facts that we state and that the parties do not dispute.[1] Claimant is an inmate at the Oregon State Penitentiary. He was employed during the daytime in authorized employment at the Penitentiary Farm Annex. *See* ORS 655.505(1). The state provided claimant with transportation to and from work. After he had finished work and while he was waiting at a warming hut on the work premises for transportation back to the penitentiary, another prisoner assaulted him. Claimant suffered injuries that required medical treatment.

Claimant filed a claim against the Inmate Injury Fund. The Department of Justice, as adjusting agent, *see* ORS 655.520, denied the claim on the ground that it was not "proximately caused by" or "received in the course of the authorized employment." The referee ruled that claimant was entitled to benefits and ordered the Department of Justice to accept the claim and pay compensation. Petitioner appealed, and the Board affirmed.

■      Petitioner assigns as error that the Board found the claim compensable. ORS 655.510(1)(a) provides in part that an inmate shall receive benefits for injuries

"[w]here the injury is proximately caused by or received in the course of the authorized employment, with or without negligence of the inmate."

ORS 656.005(7)(a), a part of the Workers' Compensation Law, however, provides that a "compensable injury" is an accidental injury "arising out of and in the course of employment." Petitioner argues that that test of compensability

---

[1] Petitioner does not challenge the adequacy of the order under ORS 183.482(7) and (8).

applies and that claimant's injury did not "[arise] out of and in the course of employment." *See Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980). Contrary to petitioner's argument, nothing in ORS chapters 655 or 656 makes the test for compensability under ORS 656.005(7)(a) applicable to inmate injuries covered by ORS chapter 655.[2]

■ Petitioner argues that, in any event, claimant is not entitled to benefits, because the injury did not occur "in the course of the authorized employment." Under ORS 655.510, however, an injury is compensable if it was "received in the course of the authorized employment" *or* "is proximately caused by * * * the authorized employment." The test is disjunctive. Although the referee did not specifically find that claimant's evidence satisfied either alternative of the test, he applied the test. Petitioner does not assign any error based on the form of the referee's finding.

■ We conclude that there is substantial evidence to support a finding that claimant's injury was "proximately caused by" the authorized employment. As an inmate, he was obliged to work at the farm annex. Because of that work, it was necessary for him to take transportation to and from the penitentiary and to wait for it at a particular place on the work premises, where he was assaulted and injured. The state provided the transportation. The person who assaulted him was another inmate who had also worked that day at the annex and was waiting for the same transportation. The Board did not err in finding that the claim is compensable and that claimant is entitled to benefits for his injury.

■ Petitioner also assigns as error that the Board ordered it to pay attorney fees from the Inmate Injury Fund for services before the Board. It argues there is no statutory authorization and that, without it, the Board may not award attorney fees. We hold, however, that there is statutory authorization for the fees. In *Johnson v. SAIF,* 267 Or 299, 516 P2d 1289 (1973), the court allowed attorney fees for services before

---

[2] Although ORS 655.505(3) states that "[i]njury is defined as provided in ORS chapter 656," that chapter does not define "injury." It only defines "compensable injury." *See* ORS 656.005(7)(a).

the Board and on review where an inmate ultimately prevailed in a claim for an injury under ORS chapter 655.[3]

When the court decided *Johnson v. SAIF, supra,* ORS 655.525 did not refer to *former* ORS 656.382(2),[4] ORS 656.386, or ORS 656.388, which relate to attorney fees. The court stated, however:

> "Looking at the statutory scheme as a whole, it seems apparent that the legislature intended to incorporate into the statutes dealing with inmates and mentally retarded minor trainees all of the procedural and remedial rights extended to injured workmen, with certain reservations necessitated by the unique position of the inmate or trainee. An inmate claimant is entitled to the same measure of benefits as an injured workman. This is provided for in ORS 655.515, which reads:
>
> > " 'If an inmate sustains * * * [a compensable injury ][5] * * *

---

[3] In particular, petitioner argues that in *Johnson v. SAIF, supra,* the court relied on ORS 655.525, which expressly incorporated the provisions of ORS 656.283 to ORS 656.304, including the provision for attorney fees in *former* ORS 656.301. ORS 655.525 provides:

"An inmate or the beneficiary of the inmate may obtain review of action taken on the claim as provided in ORS 656.283 to 656.304."

*Former* ORS 656.301(2) provided that, on an appeal from the circuit court, a successful claimant was entitled to attorney fees. That provision has been repealed. Or Laws 1977, ch 804, § 55.

[4] ORS 656.382(2) now provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

The provision is for all purposes like *former* ORS 656.382(2), which was applicable at all times pertinent to the decision in *Johnson v. SAIF, supra.*

Petitioner also argues that ORS 656.382(2) is inapplicable here, because the Department of Justice is not an employer or insurer. The argument is without merit. The state is claimant's "employer" for purposes of this case.

[5] When the court in *Johnson v. SAIF, supra,* quoted *former* ORS 655.515, it bracketed the words "a compensable injury." *Former* ORS 655.515, however, used the words "an injury," not "a compensable injury." *Former* ORS 655.515 provided:

"If an inmate sustains an injury as described in subsection (1) of ORS 655.510, benefits shall be paid in the same manner as provided for injured workmen under the worker's compensation laws of this state * * *."

Present ORS 655.515 also refers to "an injury," not "a compensable injury." The court's addition of the adjective "compensable," however, had no effect on its decision.

benefits shall be paid in the same manner as provided for injured workmen under the workmen's compensation laws of this state * * *.'

"Similarly, the provision of the Workmen's Compensation Act for filing claims is made applicable to inmates by ORS 655.520(1):

" 'Claims for entitlement to benefits under ORS 655.505 to 655.550 [i.e. Inmate Injury Law] shall be filed by application with the State Accident Insurance Fund in the manner provided for workmen's claims in ORS 656.001 to 656.794 [i.e. the Workmen's Compensation Law], to the extent not inconsistent with ORS 655.405 to 655.550. * * *'

"Just as these two statutes were designed to incorporate all of the relevant provisions for benefits and for filing claims (to the extent not inconsistent with the inmates compensation statutes), we think that ORS 655.525 was intended to incorporate all of the relevant provisions of the Workmen's Compensation Act relating to judicial review of action taken on inmate claims. The purpose of the reference in ORS 655.525 to ORS 656.283 - ORS 656.304 was to identify the sections of the Workmen's Compensation Act setting out the hearing procedures and the scope of review *and was not intended to exclude other provisions in another part of the Workmen's Compensation Act under the heading of Legal Representation dealing with attorney's fees (ORS 656.386 and ORS 656.388) among other things.*" 267 Or at 302. (Emphasis supplied; brackets in original.)

Under *Johnson*, which binds us, ORS 656.382(2) is another provision dealing with attorney fees which ORS 655.525 does not exclude and which, when read in the light of the provisions of ORS chapter 655, provides the statutory authorization for the award of attorney fees.

Affirmed.