Argued and submitted September 6, the decisions of the Court of Appeals and
Workers' Compensation Board affirmed December 12, 1989

In the Matter of the Compensation of
Charles I. Spear, Claimant.

## STATE OF OREGON, DEPARTMENT OF JUSTICE, INMATE INJURY FUND,
*Petitioner on Review,*

*v.*

## SPEAR,
*Respondent on Review.*

(WBC No. 86-02003; CA A46205; SC S36091)

783 P2d 998

Christine Chute, Assistant Attorney General, Salem,
argued the cause for petitioner. With her on the brief were

Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue is whether the Inmate Injury Act, ORS 655.505 *et seq,* incorporates the attorney fees provisions of the Workers' Compensation Law, ORS chapter 656. The Department of Justice, which administers the Inmate Injury Fund, contends that it does not. The Court of Appeals held that it does. *Dept. of Justice v. Spear,* 94 Or App 677, 767 P2d 928 (1989). We affirm.

Claimant is an inmate at the Oregon State Penitentiary. While employed there, he was assaulted and injured by another inmate. When he filed a claim for benefits, the Department of Justice denied his claim on the ground that his injury was not work related. On appeal, a referee found that claimant's injury was compensable. The Department appealed to the Workers' Compensation Board, which affirmed the referee and also awarded claimant $550 attorney fees for services on Board review. The Court of Appeals affirmed. In upholding claimant's attorney fees award, the Court of Appeals relied on *Johnson v. SAIF,* 267 Or 299, 516 P2d 1289 (1973). The Department now appeals only the award of attorney fees.[1]

The Department contends that the Board has no authority to award attorney fees on Inmate Injury Act claims, arguing that *Johnson* was wrongly decided. Alternatively, the Department contends that *Johnson* has been superseded by the subsequent repeals of *former* ORS 656.301(2)[2] and *former* 655.420,[3] statutes which the Department argues this court relied upon in *Johnson.*

In *Johnson,* we concluded that "the legislature intended to incorporate into the [Inmate Injury Act] * * * all of the procedural and remedial rights extended to injured workmen, with certain reservations necessitated by the unique position of the inmate." 267 Or at 302. We held that the incorporated rights included all of the Workmen's Compensation Act provisions relating to judicial review of inmate claims. 267 Or at 303. Normally, this court will not reconsider

---

[1] The referee awarded claimant's attorney $1,400 in fees "paid out of and not in addition to compensation." Those fees are not at issue in this appeal.

[2] *Repealed,* Or Laws 1977, ch 804, § 55.

[3] *Repealed,* Or Laws 1979, ch 814, § 1.

its prior interpretation of a statute, especially when the legislature has acquiesced in that interpretation over a long period of time. Accordingly, we decline to review *Johnson* on its merits.

■     The Department argues that *Johnson* was decided on the authority of *former* ORS 656.301(2) and *former* ORS 655.420 and that because both statutes have since been repealed, *Johnson* is no longer viable. We disagree. The Department has misread this court's opinion in *Johnson.*

In *Johnson,* we explained:

"The purpose of the reference in ORS 655.525[4] to ORS 656.283 - ORS 656.304 was to identify the sections of the Workmen's Compensation Act setting out the hearing procedures and the scope of review *and was not intended to exclude other provisions in another part of the Workmen's Compensation Act under the heading of Legal Representation dealing with attorney's fees (ORS 656.386 and ORS 656.388) among other things.*" 267 Or at 303. (Emphasis added).

ORS 655.520 overcomes the general rule that attorney fees are not recoverable absent a statute or contractual provision authorizing such fees[5] by incorporating into the Inmate Injury Act *all* of the consistent provisions of ORS 656.001 to 656.794, including ORS 656.382(2), *infra,* which provides for an award of a claimant's attorney fees when an employer appeals and loses.

*Johnson* was decided in 1973. *Former* ORS 656.301(2) was repealed in 1977, and *former* ORS 655.420 was repealed in 1979. Therefore, we examine whether the repeal of those statutes demonstrates any legislative intent to reverse our holding in *Johnson.*

Looking first at *former* ORS 655.420, we find that persons covered by *former* 655.405 to 655.450 (mentally retarded minors injured in special training program) are now

---

[4] ORS 655.525 provides:

"An inmate or the beneficiary of the inmate may obtain review of action taken on the claim as provided in ORS 656.283 to 656.304."

[5] *See Samuel v. Frohnmayer,* 308 Or 362, 366, 779 P2d 1028 (1989); *Stelljes/ Dumler v. State Board of Parole,* 307 Or 365, 368, 769 P2d 177 (1989); *but see Deras v. Myers,* 272 Or 47, 65-66, 535 P2d 541 (1975) (equity court may award attorney fees without specific authority).

"workers" for the purposes of the Workers' Compensation Law. *See* ORS 656.033(1). It is clear that the legislature intended no change in the ability of such minors to claim and receive attorney fees. Therefore, the repeal of *former* ORS 655.420, which we cited in *Johnson* only by analogy, proves nothing in the context of this case.

*Former* ORS 656.301(2) involved SAIF or employer appeals from the *circuit court:*

> "In case of an appeal by the State Accident Insurance Fund or employer from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorney fees to be fixed by the court and to be paid by the party initiating the appeal, in addition to the compensation."

When the legislature removed circuit court review from the workers' compensation scheme, *former* ORS 656.301 became surplusage.[6] We conclude that the repeal of *former* ORS 656.301 proves nothing in the context of this case.

■      ORS 656.382(2) provides:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer[7] or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

That statute is incorporated into the Inmate Injury Act by ORS 655.515 and 655.520(1). *Johnson v. SAIF, supra.*

The decision of the Court of Appeals and the order of the Workers' Compensation Board are affirmed.

---

[6] The Department cites no legislative history, and we are aware of none, to support its argument that the repeal of *former* ORS 656.301 was intended to undermine our holding in *Johnson*. Had the legislature intended to reverse our holding in *Johnson*, we think it would have said so.

[7] The Department does not argue that it is not an "employer" for the purposes of this claim.