Argued and submitted September 18, 1989, reversed April 4, reconsideration denied June 27, petition for review denied July 31, 1990 (310 Or 205)

In the Matter of the Compensation of
Richard T. Bryant, Claimant.

## STATE OF OREGON, DEPARTMENT OF JUSTICE, INMATE INJURY FUND,
*Petitioner,*

*v.*

## BRYANT,
*Respondent.*

(87-06139; CA A50496)

790 P2d 42

Ann Kelley, Assistant Attorney General, Salem, argued the cause for petitioner. On the brief were Dave Frohnmayer,

Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General.

Peter E. Baer, Gresham, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

**DEITS, J.**

Petitioner seeks review of an order of the Workers Compensation Board holding that claimant's right to benefits was not time-barred, even though his claim was not filed within the 90-day time limit of the applicable statute, ORS 655.520(3). We reverse.[1]

Claimant, an inmate at the Oregon State Penitentiary, injured his back while working at a prison work camp on June 6, 1986. He informed his supervisor of the injury, but was not told to file an accident report or a claim for benefits. On June 23, 1986, claimant was examined by a doctor, who referred him to Dr. Becker, a back specialist. Due to Becker's schedule, claimant's first appointment with him was September 18, 1986, 97 days after the injury. Becker diagnosed claimant's condition as degenerative disk disease and advised him to file a claim for benefits, which he did that same day. Petitioner denied the claim on the ground that it was barred by ORS 655.520(3), because it was filed more than 90 days from the date of the injury.

ORS 655.520(3) provides in pertinent part:

"The rights to benefits under ORS 655.505 to 655.550 shall be barred unless written claim is filed with the department within 90 days after the date of injury * * *. The requirements of this subsection may be waived by the department on the ground that, for good and sufficient reason, the claim *could not* be filed on time." (Emphasis supplied.)

The Board had two grounds for its conclusion that the claim was not barred by the statute. First, the Board concluded that it has *de novo* review of petitioner's decision that claimant did not have a "good and sufficient reason" for not filing in a timely manner. It held that, in its judgment, claimant did have a "good and sufficient reason," because he reported the injury to his supervisor but was not told to fill out an accident report or that there was any time limit on filing a claim. The Board also based its decision on its conclusion that two of the exceptions to compliance with the time deadlines for filing claims

---

[1] The Board also ordered petitioner to pay claimant's attorney fees from the Inmate Injury Fund for legal services performed before the referee and Board. Petitioner assigns error to that portion of the Board's order. However, in view of our disposition of this case, it is unnecessary to address that issue.

under the Workers' Compensation Law should be incorporated into ORS 655.520(3). The referee stated: "Although concepts of employer knowledge and prejudice are not discussed directly in ORS 655.520, I see no reason why they should not be incorporated by reference from ORS 656.265(4)(a)." The Board found that claimant's supervisor was told of claimant's injury and that there was no evidence that petitioner would be prejudiced by the late filing and, therefore, concluded that petitioner's denial of the claim should be set aside.

■     We first hold that the exceptions in ORS 656.265(4)(a) are not applicable to an inmate injury claim filed under ORS chapter 655. ORS 655.520(3) specifically provides that "rights to benefits under ORS 655.505 to 655.550 *shall be barred*" (emphasis supplied) unless the claim is filed within 90 days, or unless the department waives the time limit on the ground that, "for good and sufficient reason, the claim could not be filed on time." ORS 655.520(1) provides that claims for benefits from the Inmate Injury Fund are to be filed in the manner provided in the Workers' Compensation Laws "to the extent not inconsistent with ORS 655.505 to 655.550." *See Dept. of Justice v. Spear,* 308 Or 594, 783 P2d 998 (1989). The exceptions found in ORS 656.265(4) are inconsistent with ORS 655.520(3). Accordingly, the employer's knowledge of the injury or the lack of prejudice to the employer from the late filing are not relevant considerations in determining if the refusal to waive the time limit was proper.

■     The remaining question is whether the Board erred in substituting its judgment for petitioner's and concluding that there was "good and sufficient reason" that the claim could not be filed on time. We conclude that the Board does not have authority to review petitioner's decision *de novo,* and it erred in substituting its judgment for that of petitioner. ORS 655.520(3) delegates to petitioner the authority to exercise its discretion to determine if there is "good and sufficient reason" that the claim could not be filed on time and, if there is, to decide whether the time limit should be waived. Petitioner has adopted a written policy that "only physical and mental incapacity will be recognized as good and sufficient reason for failing to file a claim in a timely manner." Oregon Department of Justice, Special Compensation Programs, Inmate Injury Fund, *Policy and Procedures Manuel* at 2. Petitioner determined that, under that policy, there was not a "good and

sufficient reason" why the claim *could not* be filed. *See* ORS 655.525; ORS 656.283(2). The Board made an alternative holding that, even if it were only to review for abuse of discretion, it would overturn the decision not to waive the time limit. Assuming that petitioner's decision was reviewable for abuse of discretion, it did not abuse its discretion. Its denial of the claim was proper. The order of the Board is therefore reversed.

Reversed.

**JOSEPH, C. J.,** concurring in the result.

Assuming that the Workers' Compensation Board has the power to review petitioner's application of ORS 655.520(3), I concur fully with the majority. However, as I read the statute, there does not seem to be any such authority. Petitioner has the discretion to waive the limitation or not. It did not waive the limitation in this instance. I can find nothing in either ORS chapter 655 or ORS chapter 656 that empowers the Board to review the agency's refusal to exercise its discretion in favor of a claimant.