Argued and submitted March 12, reversed and remanded with instructions
April 22, 1992

In the Matter of the Compensation of
Kenneth G. Riley, Claimant.

Kenneth G. RILEY,
*Petitioner,*

*v.*

INMATE INJURY FUND
and Oregon State Penitentiary,
*Respondents.*

(90-08078; CA A70657)

829 P2d 1043

Donald E. Beer, Portland, argued the cause for petitioner. With him on the brief was Popick & Merkel, Portland.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant, an injured prison inmate, seeks review of an order of the Workers' Compensation Board holding that he is not entitled to payment of medical expenses from the Inmate Injury Fund (Fund) related to his compensable injury while he was on temporary leave from the Oregon State Penitentiary (OSP). We conclude that Fund's policy not to pay such claims conflicts with the controlling statute and reverse.

■　　On May 26, 1987, claimant injured his back and neck in a motor vehicle accident while working as an inmate at OSP. He received immediate medical attention. On June 1, the Corrections Division (Division) released him on temporary leave:

> "You are granted a conditional release by the Oregon State Corrections Division. This release is granted with the understanding that you will conduct yourself at all times in a law-abiding manner. You will adhere to the conditions of your release."

On June 15, claimant checked into Holladay Park Medical Center, where a doctor examined and treated him. His temporary leave expired on July 1, and he returned to OSP.

In July, 1988, claimant requested payment from Fund for several medical bills related to claimant's May, 1987, injury. Fund accepted the injury claim, but it refused to pay the medical bills, because they were incurred while claimant was on temporary leave.

Under ORS 656.515, if an inmate sustains an injury in the course of authorized employment,

> "benefits shall be paid in the same manner as provided for injured workers under the workers' compensation laws of this state, except that:
>
> "(1) No benefits, except rehabilitation services, shall accrue to the inmate until the date of release from confinement and shall be based upon the condition of the inmate at that time."

An inmate's claim is filed with the Department of Justice (Department) pursuant to ORS 655.520, which provides that the claim is to be filed

"in the manner provided for workers' claims in ORS 656.001 to 656.794, to the extent not inconsistent with ORS 655.505 to 655.550. Such claims shall be filed within the required periods after the injury *even though actual benefits may not accrue until release of the inmate from confinement.* * * *

"(2) When a claim is approved, [Department] shall make an initial award conditioned as provided in ORS 655.515(1). Upon release of the inmate from confinement, [Department] shall reaffirm or modify its initial award in a manner appropriate to the condition of the inmate upon release."

Benefits to inmates are paid out of Fund, administered by Department. ORS 655.540.

Department has no rules implementing the procedures for administering claims of injured inmates. It has a Policy Manual, however, that provides, in part:

*"Medical Benefits*

"Once a claim has been accepted, the Inmate Injury Fund may be responsible for a *released* inmate's necessary medical care directly related to the injury condition for the length of the inmate's life." (Emphasis supplied.)

It is clear from that and other portions of the Policy Manual that Fund believes that its obligation to pay benefits of any kind, including medical benefits, does not begin until the inmate is released from custody. Until that time, Fund contends, an inmate's medical expenses are paid by Division pursuant to its general obligation under ORS 423.020(1)(d) to provide for an inmate's medical care. Fund contends that when claimant was on temporary leave, he was not "released" as that term is used in ORS 655.515 and, accordingly, he was not entitled to reimbursement from Fund for his medical expenses. According to Fund, an inmate who is on temporary leave when he needs medical attention for a compensable injury must return to OSP to obtain it.

■ We need not decide whether claimant was "released from confinement" so as to be entitled to benefits for medical expenses under Fund's interpretation of ORS 656.515, because we conclude that release from confinement is not a condition for payment of medical expenses. ORS 656.515(1) states that "no benefits * * * shall accrue to the inmate until the date of release from confinement and shall be based upon

the condition of the inmate" at the time of release. There are two reasons why we conclude that that subsection deals only with disability benefits, not with medical benefits. Medical expenses are not among the benefits that would ordinarily accrue and be paid *to the inmate*; they are paid directly to the provider. Furthermore, unlike benefits for disability, which are measured as of a particular time, medical expenses are paid for life for any services necessitated by the compensable injury. They are not, as Fund's interpretation would require, limited to services based on the condition of the inmate at the time of release. We conclude, therefore, that ORS 655.515(1) is intended to set apart and exclude from payment to injured inmates only disability benefits and not benefits for medical expenses.

As the Supreme Court said in *Johnson v. SAIF*, 267 Or 299, 516 P2d 1289 (1973):

> "[L]ooking at the statutory scheme as a whole, it seems apparent that the legislature intended to incorporate into the statutes dealing with inmates * * * all of the procedural and remedial rights extended an injured workmen, with certain reservations *necessitated by the unique position of the inmate* * * *." (Emphasis supplied.)

That is the rationale for the distinctions in the payment of benefits to injured inmates, and it is one that is readily understood in its application. For example, a postponed accrual of disability benefits to an injured inmate is justified by the unique circumstances of confinement, because they relate to the possession of money. There is no comparable justification for the exclusion from Fund's coverage of medical services necessitated by a work-related injury, because payment for those services is made directly to the provider. The fact that Division provides for an inmate's general medical care while in custody pursuant to ORS 423.020(1)(d) is not determinative. Claimant's entitlement to benefits arises, not under that statute, but under the more specific provisions of ORS chapters 655 and 656, relating to inmates injured in the course of authorized employment. Those provisions control and require the payment of claimant's medical expenses incurred while he was on temporary leave.[1]

---

[1] No party suggests that claimant might not be entitled to medical benefits because he violated the provision of OAR 291-116-030 that required him to return to

Reversed and remanded with instructions to pay claim for medical expenses.

.

.

.

.

---

OSP for medical treatment.