Argued and submitted November 29, 1995, affirmed May 29, 1996

In the Matter of the Compensation of
Warren Kemery, Claimant.

Warren KEMERY,
*Petitioner,*

*v.*

SAIF CORPORATION,
Oregon State Penitentiary
and Inmate Injury Fund,
*Respondents.*

(92-13322; CA A88234)

918 P2d 124

Ralph Yenne argued the cause and filed the brief for petitioner.

Julene M. Quinn, Special Assistant Attorney General, argued the cause for respondents. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) holding that claimant's right to benefits under the Inmate Injury Act, ORS 655.505 *et seq*,[1] was time-barred, even though he reported his injury to a supervisor within the applicable 90-day time limit. ORS 655.520(3). We affirm.

Claimant, an inmate at Oregon State Penitentiary, accidentally cut off his finger while working in the prison kitchen on November 4, 1991. On January 10, 1992, claimant filled out and signed a "Report of Injury" form and gave it to his supervisor. His supervisor filled out and signed the pertinent portions of that form on January 21, 1992, and gave it to a prison safety officer. Department of General Services (department), which at that time administered inmate injury claims, did not receive the form until July 8, 1992, apparently because the safety officer neglected to forward it. SAIF Corporation, acting for the department, denied the claim because it was not "filed with the department" within 90 days of claimant's injury, as required by ORS 655.520(3). Claimant appealed, and a referee agreed with SAIF. The Board affirmed the referee.

ORS 655.520(3) provides, in part:

> "The rights to benefits under ORS 655.505 to 655.550 [the Inmate Injury Act] shall be barred unless written claim is filed with the department within 90 days after the injury, or if death results therefrom, within 90 days after death."

Claimant assigns error to the Board's holding that ORS 655.520(3) bars his claim, arguing that he provided a written injury report to his supervisor within 90 days of his injury and should not be held responsible for the safety officer's failure to forward that form for more than six months. SAIF contends that the plain language of ORS 655.520(3) bars the claim because it was not "filed" with the department for more than eight months after the injury.

---

[1] The 1995 legislature amended ORS chapter 655. Those amendments became effective June 30, 1995 and do not affect this petition. Or Laws 1995, ch 384, § 29.

■ Whether claimant met the statutory deadline depends on the meaning of the term "filed," as used in ORS 655.520(3). Construction and application of a statute is a question of law. ORS 183.482(8)(a); *Salem-Keizer School Dist. #24J v. Employment Dept.*, 137 Or App 320, 323, 904 P2d 1082 (1995). In construing a statute, we must discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, we consider the statute's text and context. *Id.* at 610-11. If intent is clear at this level, our inquiry ends. *Id.* at 611.

■ Claimant essentially argues that he "filed" a claim once he handed his supervisor the injury report form. However, the text of ORS 655.520(3) requires that the claim be "filed with the *department*." (Emphasis supplied.) At the time of claimant's injury, ORS 655.505(2) defined "Department" as "the Department of General Services."[2] *See also* ORS 655.520(1) (1991) (inmate compensation claims "shall be filed by application with the Department of General Services"). Claimant's prison supervisor was an employee of the Department of Corrections, not the Department of General Services.

The context of ORS 655.520(3) also does not support claimant's position. That context includes related provisions of the same statute. *PGE*, 317 Or at 611. ORS 655.520(1) at that time provided, in part:

> "Claims for entitlement to benefits under ORS 655.505 to 655.550 [the Inmate Injury Act] shall be filed by application with the Department of General Services *in the manner provided for worker's claims in ORS chapter 656, to the extent not inconsistent with ORS 655.505 to 655.550*[.]" (Emphasis supplied.)

Through that statute, the legislature intended to incorporate into the Inmate Injury Act all the relevant filing provisions of the Workers' Compensation Act (ORS chapter 656), to the extent that those provisions are not inconsistent with the

---

[2] A 1993 statute replaced all references in the Oregon Revised Statutes to "the Department of General Services" with "the Oregon Department of Administrative Services," which was created to take over the duties and functions of the Department of General Services. Or Laws 1993, ch 500, §§ 1, 58. That statute does not affect our analysis.

inmate compensation statute. *Dept. of Justice v. Spear*, 308 Or 594, 596, 783 P2d 998 (1989); *Johnson v. SAIF*, 267 Or 299, 303, 516 P2d 1289 (1973).

■        At the time of claimant's injury, workers instituted a claim under the Workers' Compensation Act by providing their employers with written notice of their injury within 30 days, either by mailing it to their employer or personally delivering it to their employer, foreman or other supervisor. ORS 656.265(1)-(3).[3] Workers under that system fulfill their "filing" obligations by doing essentially what claimant did here—notifying the employer of their injury in writing within the applicable time period. However, filing procedures under the Workers' Compensation Act do not apply to inmate compensation claims because they are "inconsistent" with the Inmate Injury Act. ORS 655.520(1); *see also Dept. of Justice v. Bryant*, 101 Or App 226, 229, 790 P2d 42, *rev den* 310 Or 205 (1990) (exceptions to late filing in ORS 656.265(4) are inconsistent with, and thus do not apply to, inmate injury claims under ORS chapter 655).

The Workers' Compensation Act at that time required that workers notify their "employer" within 30 days of injury, ORS 656.265(1), but the inmate compensation statute then required filing with the "department" within 90 days. ORS 655.520(3). "The department" meant the Department of General Services, ORS 655.505(2), which is not the equivalent of an inmate claimant's "employer." The legislature at that time apparently gave inmates more time to institute claims because it wanted them to notify the Department of General Services, and not merely their "employer," *i.e.*, the Department of Corrections.

We conclude from the text and context of ORS 655.520(3), as it then existed, that a claim was not "filed" until it was received by the Department of General Services. Although claimant delivered the injury report form to his supervisor within the 90-day period, his claim was not "filed with the department" until the safety officer forwarded it six months later. Therefore, the claim was not timely, and the

---

[3] A 1995 amendment to ORS 656.365(1) now allows workers 90 days to notify their employers. Or Laws 1995, ch 332, § 29. That amendment does not affect our analysis.

Board was correct in upholding the denial of claimant's benefits under ORS 655.520(3).

We acknowledge the apparent inequity of holding claimant responsible for the safety officer's negligence. However, it is apparent that the legislature intended to make *inmates* responsible for ushering the appropriate forms through the Department of Corrections and ensuring that they reached the proper agency on time. Given the constraints of prison life, that may be an unfair burden, but that is the legislature's decision to make. The remedy lies with the legislature, not with this court.

■ Claimant next contends that the Board erred in holding that the department did not abuse its discretion in refusing to waive the 90-day deadline. ORS 655.520(3) provides, in part:

> "The requirements of this subsection may be waived by the department on the ground that, for good and sufficient reason, the claim could not be filed on time."

ORS 655.520(3) delegates to the department the authority to exercise its discretion in determining whether there was "good and sufficient reason" that the claim could not be filed on time, and if there was, to decide whether the time limit should be waived. *Bryant*, 101 Or App at 229.

The department adopted a policy that it would recognize only physical or mental incapacity as "good and sufficient" reason for failing to file a timely claim.[4] Claimant argues that the department abused its discretion in refusing to waive the 90-day requirement, because he was "physically incapacitated"—*i.e.*, incarcerated. We review the department's decision for abuse of discretion. ORS 183.482(8)(b)(A); *Bryant*, 101 Or App at 230.

In *Byrant*, an injured inmate failed to file his claim on time because his supervisor did not tell him to submit an accident report or a claim for benefits. 101 Or App at 228. The Department of Justice, which at that time administered the

---

[4] The Department of General Services actually adopted this policy from the Department of Justice, which had previously administered the Inmate Injury Fund. *Bryant*, 101 Or App at 229.

fund, determined, under the same "physical or mental incapacity" policy, that there was no "good and sufficient reason" for missing the deadline. *Id.* at 229-30. We found no abuse of discretion. *Id.* at 230.

Here, claimant missed the deadline because he believed that giving his supervisor an injury report form would suffice—*i.e.*, he did not know, as in *Bryant*, that he needed to file a claim with the applicable department. Because the department here used the same policy in rejecting essentially the same reason for late filing as in *Bryant*, we also find no abuse of discretion.

Affirmed.