Argued and submitted June 27, 2006, reversed and remanded for reconsideration
April 11, 2007

In the Matter of the Compensation of
Bradford White, Claimant.

Bradford WHITE,
*Petitioner,*

*v.*

THE BOLDT COMPANY
and St. Paul Fire & Marine Insurance Co.,
*Respondents.*

Workers' Compensation Board
0402039; A128736

157 P3d 272

James W. Moller argued the cause and filed the brief for petitioner.

Kenneth Kleinsmith argued the cause for respondents. With him on the brief was Radler, Bohy, Replogle & Miller.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

ARMSTRONG, J.

---

* Rosenblum, J., *vice* Richardson, S. J.

ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his claim for a cervical spine injury. At issue in this case is whether the board applied the appropriate standard of proof in evaluating claimant's injury. Claimant contends that the board erred as a matter of law in applying a major contributing cause standard of proof to his injury, rather than a material contributing cause standard. We review the board's legal conclusions for errors of law, including for substantial reason, ORS 183.482(8)(a), and its findings for substantial evidence, ORS 183.482(8)(c). Because we conclude that the board's explanation for applying the more demanding standard of proof is not supported by substantial reason, we reverse and remand for reconsideration.

The following facts are undisputed. Claimant is a millwright who experienced a work-related injury in 1986 while working in California for another employer. He was diagnosed with a herniated C6-7 disc, and a C6-7 cervical laminectomy was performed in 1987. Claimant was thereafter able to perform his regular work as a millwright.

Claimant moved to Oregon and, on September 3, 2003, sought advice from a physician, Dr. North, about workers' compensation issues involving his knees, neck, and hearing. North did not examine claimant.

On September 22, 2003, claimant began working for employer. On December 5, 2003, claimant and his supervisor were pushing or sliding a table weighing about 800 pounds when the table stopped. Claimant felt an immediate stabbing pain between his shoulder blades that went up and down his back and up both arms. He had tingling in his hands and it felt like they were asleep. He sought medical treatment, and a cervical MRI showed multilevel degenerative disc disease, most severe at C3-4, and severe foraminal stenosis at C3-4 and C7-T1 with probable nerve root impingement. He was referred to a neurologist and, thereafter, to a neurosurgeon.

Employer denied claimant's injury claim for a cervical condition, and claimant requested a hearing before an

administrative law judge (ALJ). The ALJ evaluated claimant's injury as a combined condition claim, concluding that the major contributing cause standard of proof set forth in ORS 656.005(7)(a)(B) applied because "all of the doctors agree[d]" that claimant had preexisting degenerative disease in his cervical spine that combined with the December 5, 2003, work incident to cause his disability and need for medical treatment. Applying that standard, the ALJ upheld employer's compensability denial. The board affirmed.

■    On judicial review, claimant argues that the board erred as a matter of law in applying the major contributing cause standard to determine the compensability of his injury. According to claimant, because there is no evidence in the record that his degenerative disc disease was affirmatively diagnosed prior to his work injury, or that he obtained medical treatment for the symptoms of this condition prior to the date of injury, his degenerative disc disease is not a preexisting condition and, therefore, the major contributing cause standard of proof does not apply. Claimant further argues that he has established his claim under the less demanding "material contributing cause" standard that the board should have applied and, therefore, he is entitled to prevail as a matter of law. Employer responds that the board applied the correct standard because claimant's work injury combined with a preexisting cervical condition to cause claimant's need for treatment.

■    Generally, to be compensable under the workers' compensation statutes, a work-related injury must have been a material contributing cause of a disability or need for treatment. ORS 656.005(7)(a); *Olsen v. State Ind. Acc. Com.*, 222 Or 407, 414, 352 P2d 1096 (1960); *Albany General Hospital v. Gasperino*, 113 Or App 411, 415, 833 P2d 1292 (1992) ("material contributing cause" standard remains applicable to injury directly caused by industrial accident). However, when an otherwise compensable injury combines with a preexisting condition to cause or prolong a disability or need for treatment, the combined condition is compensable only if the injury is the major contributing cause of the disability or need for treatment. ORS 656.005(7)(a)(B).

ORS 656.005(7)(a) defines "compensable injury" as follows:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"* * * * *

"(B) If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The term "preexisting condition," as used in subparagraph (B), is also defined in ORS 656.005. It means, for industrial injury claims,[1]

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A)  Except for claims in which a preexisting condition is arthritis or an arthritic condition,[2] *the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis; and*

"(B)(i)  *In claims for an initial injury or omitted condition, the diagnosis or treatment precedes the initial injury;*

"(ii)  In claims for a new medical condition, the diagnosis or treatment precedes the onset of the new medical condition; or

---

[1] A different definition of "preexisting condition" applies for purposes of occupational disease claims. *See* ORS 656.005(24)(b). There is no dispute that this is an industrial injury claim.

[2] Neither party asserts that claimant's degenerative disc disease is arthritis or an arthritic condition.

"(iii) In claims for a worsening pursuant to ORS 656.273 or 656.278, the diagnosis or treatment precedes the onset of the worsened condition."

ORS 656.005(24)(a) (emphasis added).

■ Thus, the question whether a condition is "preexisting" is not dependent on a preinjury history of symptoms but, rather, specifically on whether claimant has been diagnosed with the condition, or received medical services for the symptoms of the condition,[3] before the date of the injury.

In this case, the board did not find that claimant's degenerative disc disease had been diagnosed before claimant sustained his December 2003 injury, nor did the board find that claimant had obtained medical services for symptoms of his disease before the injury. Rather, the board simply noted, in a footnote, that,

"[i]n light of our concerns about claimant's testimony and his preexisting neck problems, we are persuaded that the medical evidence described above [testimony of physicians] establishes the existence of a preexisting condition, which combined with claimant's otherwise compensable injury. Consequently, this claim is subject to ORS 656.005(7)(a)(B), ORS 656.266(2)(a), and *Jack G Scoggins*, 56 Van Natta at 2535."

The board did not explain—and it is not apparent—how the medical evidence establishes that claimant's preexisting cervical condition satisfied the statutory definition of a preexisting condition. For that reason, we conclude that the board's decision to apply the major contributing cause standard of proof to claimant's injury is not supported by substantial reason.

Reversed and remanded for reconsideration.

---

[3] The parties seem to dispute whether the phrase "medical services for the symptoms of the condition" as used in subparagraph (A) of ORS 656.005(24)(a) is synonymous with the term "treatment" used in sub-subparagraph (B)(i) of the statute. Because we conclude that the board's order was unsupported by substantial reason in any event and remand for reconsideration, we do not reach that issue.