Argued and submitted August 21, reversed and remanded for reconsideration
October 3, 2007

In the Matter of the Compensation of
Barbara L. Hopkins, Claimant.

Barbara L. HOPKINS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Nyssa Gardens Adult Alternative Living,
*Respondents.*

Workers' Compensation Board
0407794; A132882

168 P3d 1259

R. Adian Martin argued the cause and filed the briefs for petitioner.

David L. Runner, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

■ Petitioner seeks judicial review of an order of the Workers' Compensation Board that concluded that claimant's degenerative disc condition is not "arthritis or an arthritic condition." In reaching its conclusion, the board reasoned that the meaning of the term "arthritis or an arthritic condition" was a question of fact to be decided based on competing medical opinions. After the board issued its order, we decided *Karjalainen v. Curtis Johnston & Pennywise, Inc.*, 208 Or App 674, 685, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007), which held that the meaning of the term "arthritis or an arthritic condition" involved an issue of statutory construction rather than "one based on what [the board] regard[s] as the most persuasive evidence as to current medical understanding of the term." Because the board's order was erroneous in light of *Karjalainen*, we reverse and remand to the board for further proceedings.

■ Respondents cross-assign as error the board's ruling that claimant had an "otherwise compensable injury" based on its finding that claimant's act of bending forward at work was a "material contributing cause" of disc herniations. Respondents rely on our decision in *Mize v. Comcast Corp-AT & T Broadband*, 208 Or App 563, 145 P3d 315 (2006), also decided after the board issued its order. The board did not have the benefit of our decision in *Mize* when it determined that claimant had an "otherwise compensable injury" and, on remand, may reconsider its order in that respect.

Reversed and remanded for reconsideration.