Argued and submitted September 10, affirmed October 15, 2008,
petition for review denied March 26, 2009 (346 Or 115)

In the Matter of the Compensation of
Robert Knaggs, Claimant.

Robert KNAGGS,
*Petitioner,*

*v.*

ALLEGHENY TECHNOLOGIES,
dba Wah-Chang,
*Respondent.*

Workers' Compensation Board
04-07755; A134154

195 P3d 431

Martin L. Alvey argued the cause and filed the briefs for petitioner.

Andrew H. Graham argued the cause for respondent. With him on the brief were George W. Goodman and Cummins, Goodman, Fish, Denley & Vickers, P.C.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding employer's denial of his claim on the ground that he did not meet his burden of proving the compensability of his condition. Claimant contends that the board failed to apply the correct standard of proof. We affirm.

The facts are not in dispute. Claimant is a millwright who injured his shoulder when he attempted to catch a falling piece of equipment. He reported the injury the following day. A number of physicians examined claimant and reached a variety of conclusions about his condition and its cause. Dr. Swan, claimant's attending physician, diagnosed a right shoulder strain, with preexisting degenerative arthropathy that caused impingement on the right shoulder mechanism. Dr. Fuller, an employer-provided medical examiner, did not diagnose a right shoulder strain, explaining that the alleged mechanism of claimant's injury—regrasping a falling object—would have caused a bicep or forearm injury, but not a shoulder injury. Dr. Wobig, on the other hand, opined that claimant tore his right rotator cuff when he tried to catch the falling object at work. Dr. Grossenbacher, who performed a record review at claimant's request, concluded that claimant's mechanism of injury could have caused the rotator cuff tear.

Employer denied a claim for injury to claimant's right shoulder. After a hearing at which the foregoing medical evidence was presented, the administrative law judge found that claimant had not established that work was a material contributing cause of his condition. The board affirmed.

The board explained claimant's burden in the following terms:

"Regarding the right rotator cuff tear, claimant's initial burden is to establish that his work injury was a material contributing cause of his disability or need for treatment. A 'material contributing cause' is a substantial cause, but not necessarily the sole cause or even the most significant cause. *See Van Blokland v. Oregon Health [Sciences] University*, 87 Or App 694, 698[, 743 P2d 1136] (1987);

> *Summit v. Weyerhauser Co[mpany]*, 25 Or App 851, 856[, 551 P2d 490] (1976) ('material contributing cause' means something more than a minimal cause; it need not be the sole or primary cause, but only the precipitating factor); *Linda C. Bybee*, 56 Van Natta 3978, 3980 (2004)."

Applying that standard, the board then reviewed the medical evidence and found, for various reasons not important for our purposes, that the physicians who testified in favor of claimant were not persuasive and that claimant had failed to meet his burden of proof.

■ On review, claimant's sole assignment of error is that the board articulated and applied an incorrect standard of proof. According to claimant, the board's description of the meaning of "material contributing cause" as a "substantial cause" cannot be reconciled with this court's opinion in *Mize v. Comcast Corp-AT & T Broadband*, 208 Or App 563, 145 P3d 315 (2006). As claimant reads that decision, we construed a reference to "material" cause, as it applies to the proof of medical services claims under ORS 656.245, to require something *less* than the "substantial cause" that traditionally has applied under the material contributing cause standard for proving initial compensability under ORS 656.005(7). Claimant reasons that, if that is what "material" means under ORS 656.245, that is what it should also mean under ORS 656.005(7).

Employer responds that *Mize* itself explains why claimant is incorrect. In that case, employer notes, this court acknowledged the existence of a long history of cases interpreting the material contributing cause standard under ORS 656.005(7), and it concluded that those cases were not relevant, given that the court's task was to interpret an entirely different statute. We agree with employer.

■ The issue is one of statutory construction, guided by familiar principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We attempt to discern the meaning of the statute intended by the legislature that enacted it, examining the text of that statute in context and, if necessary, its legislative history and other aids to construction. *Id.* at 610-12. In examining the text in context, we consider as well the history of judicial construction of the

statute. *State v. McDonnell*, 343 Or 557, 563, 176 P3d 1236 (2007) (prior judicial construction is relevant at the first stage of statutory interpretation). If that judicial construction includes Supreme Court interpretations, those interpretations become part of the statute as if written therein, changeable by the legislature alone. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) ("When this court interprets a statute, that interpretation becomes a part of the statute as if written into it at the time of its enactment.").

In this case, the operative statute is ORS 656.005(7)(a), which defines a "compensable injury" as "an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death." The "arising out of" phrasing has been employed in the definition of a compensable claim since the enactment of the original workers' compensation statute in the early years of the twentieth century. Oregon Laws, title XXXVII, ch I, § 6626 (1920) (referring to compensable claim as "a personal injury by accident arising out of and in the course of [the worker's] employment caused by violent or external means").

Since at least the 1930s, the Oregon Supreme Court has construed the "arising out of" component of that definition to require proof that work "materially contribute[d]" to the injury. *Elford v. State Ind. Acc. Comm.*, 141 Or 284, 288-89, 17 P2d 568 (1932). Over the years, the Supreme Court has elaborated that

> "[r]educed to its simplest form 'arising out of' as used in the act means the work or labor being performed was a causal factor in producing the injury suffered by the work[er]. It need not be the sole cause, but is sufficient if the labor being performed in the employment is a material, contributing cause which leads to the unfortunate result."

*Olson v. State Ind. Acc. Com.*, 222 Or 407, 414-15, 352 P2d 1096 (1960) (citations omitted). For the succeeding four decades and more, that has served as the basic formulation of what ORS 656.005(7)(a) requires. *See, e.g., Grable v. Weyerhaeuser Company*, 291 Or 387, 394, 631 P2d 768 (1981) (quoting *Olson*); *White v. The Boldt Company*, 212 Or App 59, 62, 157 P3d 272 (2007) (citing *Olson*); *Tektronix, Inc. v.*

*Nazari*, 117 Or App 409, 412, 844 P2d 258 (1992), *adh'd to as modified on recons*, 120 Or App 590, 853 P2d 315, *rev den*, 318 Or 27 (1993) (citing *Olson*).

In some cases, the wording of the standard slightly varies. *See, e.g.*, *Van Blokland*, 87 Or App at 698 ("The compensable injury need not be the sole cause or the most significant cause of the need for treatment, but only a material contributing cause."); *Summit*, 25 Or App at 856 (While employment "must have more than a minimal effect, it is only necessary that it be a material factor. It need not be the sole or primary cause, but only the precipitating factor, and it need not be unusual * * *." (Citations omitted.)). But the upshot of the case law has remained fairly consistent throughout the years.

In the meantime, the legislature has not altered the "arising out of" phrasing that is the statutory source for the judicially created "material contributing cause" standard. There have been no changes to ORS 656.005(7) that remotely suggest that the legislature did not agree with the standard of proof that the courts, since *Elford* and *Olson*, have read that "arising out of" phrasing to require.

The legislature did, however, alter some other statutes. One of those statutes involved the compensability of medical services claims, ORS 656.245. In relevant part, that statute provides that, for every compensable injury, employers are responsible for providing medical services "caused in material part" by the injury. ORS 656.245(1)(a). It is worth noting that, originally, the statute provided that, for every compensable injury, employers are responsible to provide medical services "for conditions *resulting from* the injury." ORS 656.245(1)(a) (1993) (emphasis added). But, in 1995, the legislature altered the emphasized phrasing to read as it does now, requiring that the medical services be "caused in material part" by the compensable injury. Or Laws 1995, ch 332, § 25.

We addressed the legal significance of that change in *Mize*. In that case, the employer denied the claimant's medical services claim, and the board upheld the denial on the ground that the claimant had failed to prove causation. The

board interpreted the "in material part" standard of causation required by ORS 656.245(1) to mean essentially the same thing as the "material contributing cause" standard that the courts had created in interpreting the "arising out of" component of the statutory standard of proof of initial compensability. We concluded that, in equating the two standards, the board erred. *Mize*, 208 Or App at 571. We explained that the cases applying the material contributing cause standard had no application:

> "None of [those] cases involved the interpretation of the statutory language at issue in this case * * *. For that reason alone, they are of little or no help in discerning the meaning of the phrase 'in material part' in the current version of ORS 656.245(1), absent some indication that the legislature intended to adopt our case law."

*Mize*, 208 Or App at 568. After examining the text of ORS 656.245(1) in context, we found no such indication that the legislature intended to adopt the standard of causation that applies to initial compensability to medical services claims as well. *Id.* at 569-70.

Claimant's reliance on *Mize* for the assertion that the standard of causation for initial compensability is now different clearly is misplaced. In *Mize* we found an absence of evidence that the legislature intended to link the standard of causation for initial compensability to the standard of causation for medical services claims.

That only makes sense. As we have noted, the standard of causation for initial compensability has been adhered to—with slight variations in phrasing from case to case—for nearly 50 years. During that time, the legislature has not altered the relevant statutory wording at all. If the legislature ever is less than content with the manner in which the courts have been construing the "arising out of" component of ORS 656.005(7)(a) or any other statute, it certainly possesses the tools with which to remedy that, *viz.*, by enacting amendments to the pertinent statute that make clear its intentions. In the absence of any such amendments, we must assume that the standard remains as it has over the years. *See Dept. of Justice v. Spear*, 308 Or 594, 596-97, 783 P2d 998 (1989)

("Normally, this court will not reconsider its prior interpretation of a statute, especially when the legislature has acquiesced in that interpretation over a long period of time.").

Claimant insists that, in *Hopkins v. SAIF*, 215 Or App 356, 168 P3d 1259 (2007), we held that *Mize* did, in fact, alter the standard for initial compensability. Claimant, however, reads too much into that decision. In *Hopkins*, the claimant sought judicial review of a board order on the ground that the board had impermissibly treated a statutory term, "arthritis or an arthritic condition," as a question of fact to be resolved on the basis of medical evidence. The employer cross-assigned as error the board's evaluation of the compensability of the claim, citing *Mize*. In a per curiam opinion, we reversed and remanded for reconsideration on the claimant's petition, holding that the board erred in treating the meaning of the statutory term "arthritis or an arthritic condition" as a question of fact. *Hopkins*, 215 Or App at 357 (citing *Karjalainen v. Curtis Johnston & Pennywise, Inc.*, 208 Or App 674, 685, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007)). We expressly did not reach the merits of the employer's cross-assignment of error. We simply stated that the board could evaluate the impact of *Mize* on reconsideration. *Hopkins*, 215 Or App at 357.

We conclude that the board did not apply the incorrect standard of proof in evaluating the compensability of claimant's right shoulder condition.

Affirmed.